COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


SHEILA IRON RATLIFF DELLINGER
                                    MEMORANDUM OPINION
v.    Record No. 2786-99-3              PER CURIAM
                                     AUGUST 22, 2000
JAMES EDWARD DELLINGER


            FROM THE CIRCUIT COURT OF BUCHANAN COUNTY
                    Keary R. Williams, Judge

            (Michael E. Untiedt, on brief), for
            appellant.

            (Thomas R. Scott, Jr.; Rebecca J. Thornbury;
            Street, Street, Street, Scott & Bowman, on
            brief), for appellee.


     Sheila Iron Ratliff Dellinger (wife) appeals the judgment of

the trial court awarding her a lump sum amount of $12,000 in

spousal support.  Wife contends that the spousal support award is

insufficient based upon her needs and the ability of her former

husband, James E. Dellinger, to pay.  Upon reviewing the record

and briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the judgment of the trial

court.  See Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to husband, as the party prevailing below, and we grant all

reasonable inferences fairly deducible from that evidence.  See

─────────────────
      * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).  "The trial court's decision, when based upon credibility determinations made during an ore tenus hearing, is owed great weight and will not be disturbed unless plainly wrong or without evidence to support it."  Douglas v. Hammett, 28 Va. App. 517, 525, 507 S.E.2d 98, 102 (1998).

> In fixing the amount of the spousal support award, a review of all of the factors contained in Code § 20-107.1 is mandatory, and the amount awarded must be fair and just under all of the circumstances of a particular case.  When the record discloses that the trial court considered all of the statutory factors, the court's ruling will not be disturbed on appeal unless there has been a clear abuse of discretion.  We will reverse the trial court only when its decision is plainly wrong or without evidence to support it.

Gamble v. Gamble, 14 Va. App. 558, 574, 421 S.E.2d 635, 644 (1992) (citations omitted).

The parties were married in 1967 and separated in 1993.  The trial court entered a decree of divorce on November 17, 1998, and reserved all remaining issues.  In its final decree entered October 26, 1999, the trial court equitably distributed the parties' marital assets, awarding wife $18,750 as her share of the equity in the parties' marital residence, in addition to other items of personal property.  The trial court awarded wife $12,000 as a lump sum spousal support payment.

Wife contends that the trial court's spousal support award was insufficient to meet her needs.  At trial, wife presented

-

evidence that she had $1,125 in monthly income and approximately $2,639 in expenses. Wife testified, however, that she overstated her expenses at trial by including numerous house-related expenses that she did not pay. Wife admitted on cross-examination that she did not pay the mortgage payment of almost $864, $42 in home insurance, $14 in coal payments, $7.50 for wood, $57 in loan repayment, up to $160 a month in electricity, $60 in water, $7 for garbage collection, and $10 for a newspaper. Wife also admitted that the expense of $752.50 listed for food was about twice her current actual expense because it included food for the parties' son, who was now in college. When reduced by the amount of items which wife admitted she did not pay, her claimed monthly expenses were reduced by one-half and fell within the range of her monthly income.

While husband had greater income, he also had greater expenses. Husband retained mortgage and home expenses and paid approximately $900 in monthly college-related expenses for the parties' children.

Wife also contends that the award was inadequate because it did not permit her to maintain the marital standard of living. Specifically, wife contends that the award did not provide her with the means to obtain a house and lot similar to the marital residence. We find no indication that wife raised this specific objection before the trial court or that she preserved this

-

objection for appeal.  We therefore do not consider this specific objection further.  <u>See</u> Rule 5A:18.

The trial court considered the statutory factors, and its decision is supported by evidence in the record.  We therefore find no reversible error and summarily affirm the judgment of the trial court.

<u>Affirmed.</u>