COURT OF APPEALS OF VIRGINIA


Present:  Judges Bumgardner, Kelsey and Senior Judge Hodges


GRANT LEWIS CLATTERBUCK
                                        MEMORANDUM OPINION*
v.    Record No. 1775-02-3                 PER CURIAM
                                         DECEMBER 10, 2002
CANDACE JANE MARTIN CLATTERBUCK


            FROM THE CIRCUIT COURT OF ROANOKE COUNTY
                   Jonathan M. Apgar, Judge

          (Leisa K. Ciaffone, on briefs), for
          appellant.

          (Barry M. Tatel; Neil E. McNally; Key,
          Tatel & McNally, on brief), for appellee.


     Grant Lewis Clatterbuck (husband) appeals from a final decree

awarding Candace Jane Martin Clatterbuck (wife) a divorce.  On

appeal, husband contends the trial court erred by finding good

cause existed under Code § 20-124.6 to deny him access to his

child's counseling records.  He argues the evidence does not

support the finding.  Husband asks that the trial court's decision

be reversed and that he be provided access to the records.  Upon

reviewing the record and briefs of the parties, we conclude that

this appeal is without merit.  Accordingly, we summarily affirm

the decision of the trial court.  See Rule 5A:27.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

On appeal, we view the evidence and all reasonable inferences in the light most favorable to appellee as the party prevailing below.  See McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).

## Procedural Background

The parties married in 1980.  They had three children during the course of their marriage.  On January 23, 2001 wife filed a bill of complaint seeking a divorce.  Their daughter, Lauren, was a minor at the time of the proceedings.

During the parties' separation, wife and Lauren were in counseling with Laurel Martin, a licensed professional counselor.  Husband requested Lauren's records from Martin and subpoenaed the records when Martin did not produce them.

Holly Peters, Lauren's guardian ad litem, informed the court that she advised the records not be released.  She further reported that Lauren had requested the records remain private.  Additionally, Martin, in a statement to the court, indicated "it would not be in Lauren's best interest to release her records to either parent."  Martin opined the trust between Lauren and her counselor would "be undermined by the knowledge that [Lauren's] records were being disclosed."  The records were filed with the court under seal.  The court determined good cause existed to deny husband access to his daughter's counseling records.

-

## Analysis

Code § 20-124.6 provides that, "[n]otwithstanding any other provision of law, neither parent, regardless of whether such parent has custody, shall be denied access to the academic, medical, hospital or other health records of that parent's minor child unless otherwise ordered by the court for good cause shown."

> "The trial court's decision, when based upon an <u>ore</u> <u>tenus</u> hearing, is entitled to great weight and will not be disturbed unless plainly wrong or without evidence to support it."  "Certainly it is true that the legal rights of the parent should be respected . . . but the welfare of the child is to be regarded more highly than the technical legal rights of the parent."

<u>Green v. Richmond Dep't of Soc. Serv.</u>, 35 Va. App. 682, 686-87, 547 S.E.2d 548, 550 (2001) (citations omitted).

Peters and Martin indicated the release of Lauren's records could impair Lauren's counseling.  Lauren stated she wished the records to remain private.  The trial judge indicated he considered the opinions of the counselor and guardian <u>ad</u> <u>litem</u>, as well as Lauren's wishes.  The evidence supports the trial court's determination that good cause existed to deny husband access to the records.

Accordingly, we summarily affirm the decision of the trial court.  <u>See</u> Rule 5A:27.

<u>Affirmed</u>.

-