COURT OF APPEALS OF VIRGINIA

Present: Judges Annunziata, Agee and Senior Judge Coleman

HOLLY WOODALL

v. Record No. 0483-01-2

FREDERICKSBURG DEPARTMENT OF SOCIAL SERVICES

MEMORANDUM OPINION*
PER CURIAM
AUGUST 14, 2001

FROM THE CIRCUIT COURT OF THE CITY OF FREDERICKSBURG
John W. Scott, Jr., Judge

(Donald R. Skinker, on brief), for appellant.

(Joseph A. Vance, IV, on brief), for appellee.

Holly Woodall (mother) appeals the decision of the circuit court terminating her residual parental rights in her son, Christopher B. Woodall. On appeal, mother contends that the trial court erred in finding that (1) the conditions resulting in neglect were not likely to be corrected or eliminated within a reasonable time, and (2) mother was without good cause for her failure to remedy substantially the conditions that led to foster care placement within a reasonable time. Mother asks that the judgment of the trial court be reversed and her parental rights restored. Upon reviewing the record and briefs of the parties, we

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

On appeal, we view the evidence and all the reasonable inferences in the light most favorable to appellee as the party prevailing below. See McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).

Background

Christopher was born on August 12, 1998. On October 1, 1999, after a finding of neglect, the juvenile and domestic relations district court removed him from mother and awarded custody to the Department of Social Services (the Department). On December 16, 1999, the court approved a foster care plan with a program goal of "return to home." Under this plan, mother was required to complete substance abuse treatment, parenting classes, a domestic violence educational program, and a psychological evaluation. Additionally, according to the plan, mother was to pay child support, secure and maintain employment, secure housing, and confirm visitation appointments.

On September 25, 2000, after mother failed to complete the requirements of the foster care service plan, the Department filed a plan with a change in the program goal to adoption. The Department also sought to terminate mother's parental rights. On October 19, 2000, the court approved the plan and terminated mother's parental rights. Mother appealed to the circuit court.

On February 13, 2001, the circuit court also approved the plan and terminated mother's parental rights.

## Analysis

### I.

Code § 16.1-283(C)(2) provides that a court may terminate a parent's residual parental rights where a child has been placed in foster care as a result of court commitment if the court finds, based upon clear and convincing evidence, that (1) it is in the best interests of the child; (2) that the parents without good cause have been unwilling or unable within a reasonable period of time not to exceed twelve months to remedy substantially the conditions which led to the child's foster care placement; and (3) that reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies have been made to such end.

Mother argues that her attempts at fulfilling the requirement of the foster care plan and her continued contact with Christopher demonstrate that she will be able to remedy the conditions that led to Christopher's foster care. Mother's contact with Christopher during the time he has been in foster care has been sporadic. Mother was scheduled to visit Christopher every other week, but only visited him three times from May 2000 through August 2000. On three occasions, mother did not notify the Department in advance that she would not be able to make her visits. From August 2000 through October 2000,

mother made no attempt to see or contact Christopher. Mother has failed to maintain a relationship with her child.

Mother did not satisfy any of the requirements of the foster care plan. Mother began several programs but failed to complete the classes. Mother experienced a relapse in the alcohol treatment and was incarcerated for two months. She did not maintain employment or pay child support. Mother maintains that she will be able to remedy the situation that led to Christopher's foster care. However, "'past actions and relationships over a meaningful period serve as good indicators of what the future may be expected to hold.'" Linkous v. Kingery, 10 Va. App. 45, 56, 390 S.E.2d 188, 194 (1990) (quoting Frye v. Spotte, 4 Va. App. 530, 536, 359 S.E.2d 315, 319 (1987)). Although the Department informed mother of her obligations under the foster care plan, she failed to complete any of her obligations, despite the passage of over a year. Under the circumstances of this case, the trial court did not err in finding that the Department proved by clear and convincing evidence that the conditions resulting in Christopher's neglect were not likely to be corrected or eliminated within a reasonable time.

II.

Mother contends she has good cause for her failure to follow the requirement of the foster care plan. Mother explains that she was incarcerated for a period of time, she suffered a

miscarriage, relapsed in her alcohol treatment, and was without transportation.

Christopher was removed from mother's care in October 1999. Mother enrolled in a parenting class in January 2000, but failed to complete it. At the end of April 2000, mother had a miscarriage and testified that afterwards she went on a drinking "binge" for two weeks. Mother possessed ample time prior to her miscarriage to complete the necessary courses. Additionally, at the time of the hearing, mother had failed to take any steps to enroll in another course. Mother testified that she last drank alcohol in August 2000. She attended only nine sessions in her treatment program and did not enroll in another course until three days before her appeal before the circuit court.

Mother stole the license plates from a neighbor's vehicle. As a result of her conviction for the theft of the plates, mother was unable to drive. During the time she was without transportation, mother failed to even call Christopher or contact the Department to inquire after him. Mother failed to demonstrate that her failure to remedy the situation that led to foster care was the result of good cause. The trial court did not err in terminating mother's parental rights. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

Affirmed.