COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Bumgardner
          and Senior Judge Hodges


SHANICA DeJESUS
                                    MEMORANDUM OPINION*
v.    Record No. 1061-01-2              PER CURIAM
                                     SEPTEMBER 25, 2001
RICHMOND DEPARTMENT OF
 SOCIAL SERVICES


         FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                   Randall G. Johnson, Judge

         (Robert D. Shrader, Jr.; Steingold and
         Shrader, on brief), for appellant.

         (Kate D. O'Leary, Assistant City Attorney;
         Robert Carl, Guardian ad litem for the
         infant child, on brief), for appellee.


     Shanica DeJesus (mother) appeals the decision of the circuit

court terminating her residual parental rights in her son, Isaiah

DeJesus.  On appeal, mother contends the trial court erred in

finding the evidence sufficient to terminate her parental rights

under Code § 16.1-283(B) and 16.1-283(C)(1) and (2).  Upon

reviewing the record and briefs of the parties, we conclude that

this appeal is without merit.  Accordingly, we summarily affirm

the decision of the trial court.  See Rule 5A:27.

     On appeal, we view the evidence and all the reasonable

inferences in the light most favorable to appellee as the party

_____
        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

prevailing below.  See McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).

Background

In October 1999, the Richmond Juvenile and Domestic Relations District Court awarded custody of Isaiah to the Department of Social Services (the Department) pursuant to an abuse and neglect petition.  The goal of the initial foster care plan was to return Isaiah to mother's home.  The plan required mother to continue treatments with her psychiatrist and mandated she maintain housing and financial stability.  She was also to maintain contact with Isaiah and cooperate with the Department.  Isaiah was placed in mother's physical custody on March 29, 2000.  However, when Ms. Brice, a foster care worker, visited mother's home on April 21, 2000, mother behaved erratically and Brice contacted the police. Mother was admitted to a psychiatric hospital, and Isaiah was returned to foster care.

The Department submitted a new plan for Isaiah with the goal of adoption.  The juvenile and domestic relations district court approved the plan on December 12, 2000, and terminated the parental rights of mother and Isaiah's father, Torrance Jenkins.

Mother has been diagnosed with a schizoaffective disorder. She has difficulty complying with required treatment, including failing to take necessary medication.  Without proper medication, mother experiences psychotic episodes.  During the time that Isaiah has been in foster care, mother has been hospitalized on

-

four separate occasions.  Mother has failed to complete parenting

classes, never regained stable housing, and has not achieved

financial stability.

Analysis

> When addressing matters concerning a
> child, including the termination of a
> parent's residual parental rights, the
> paramount consideration of a trial court is
> the child's best interests.  See Toombs v.
> Lynchburg Div. of Soc. Servs., 223 Va. 225,
> 230, 288 S.E.2d 405, 407-08 (1982); Farley
> v. Farley, 9 Va. App. 326, 329, 387 S.E.2d
> 794, 796 (1990).  On review, "[a] trial
> court is presumed to have thoroughly weighed
> all the evidence, considered the statutory
> requirements, and made its determination
> based on the child's best interests."
> Farley, 9 Va. App. at 329, 387 S.E.2d at 796
> (citing Brown v. Brown, 218 Va. 196, 200,
> 237 S.E.2d 89, 92 (1977)).  Furthermore, the
> evidence is viewed in the light most
> favorable to the prevailing party below and
> its evidence is afforded all reasonable
> inferences fairly deducible therefrom.
> Farley, 9 Va. App. at 328, 387 S.E.2d at
> 795.

Logan v. Fairfax County Dep't of Human Servs., 13 Va. App. 123,

128, 409 S.E.2d 460, 463 (1991).  In pertinent part, Code

§ 16.1-283(B) provides:

> The residual parental rights of a parent or
> parents of a child found by the court to be
> neglected or abused and placed in foster
> care as a result of (i) court commitment
> . . . may be terminated if the court finds,
> based upon clear and convincing evidence,
> that it is in the best interests of the
> child and that:
>
> 1.  The neglect or abuse suffered by
> such child presented a serious and

-

substantial threat to his life, health or development; and

2. It is not reasonably likely that the conditions which resulted in such neglect or abuse can be substantially corrected or eliminated so as to allow the child's safe return to his parent or parents within a reasonable period of time.

Under Code § 16.1-283(C)(2) the court can terminate a party's parental rights if the parent has "been unwilling or unable within a reasonable period of time not to exceed twelve months from the date the child was placed in foster care to remedy substantially the conditions which led to or required continuation of the child's foster care placement." Isaiah had to be removed twice from mother's care, the second time because of mother's erratic, combative, and dangerous behavior. She suffers from a severe psychiatric disorder which has required four hospitalizations within the time Isaiah has been in foster care. Mother has failed in over twelve months to remedy the situation leading to Isaiah's foster care. She has not stabilized her living situation, her financial situation, or her psychiatric illness. She failed to maintain contact with Isaiah and did not complete required parenting classes.

[A] parent's mental deficiency that is of such severity that there is no reasonable expectation that such parent will be able within a reasonable period of time befitting the child's best interests to undertake responsibility for the care needed by the child in accordance with the child's age and

-

> stage of development does not constitute
> "good cause" under Code § 16.1-283(C)(2).

Richmond Dep't of Soc. Servs. v. L.P., 35 Va. App. 573, 585, 546

S.E.2d 749, 755 (2001).  Mother's inability to remedy the

conditions that led to Isaiah's placement in foster care was

without "good cause."  Accordingly, we summarily affirm the

decision of the trial court.  See Rule 5A:27.

Affirmed.

-