COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Frank and Clements


TRISHA R. JONES
                                    MEMORANDUM OPINION*
v.    Record No. 1543-01-2                  PER CURIAM
                                        JANUARY 8, 2002
PETERSBURG DEPARTMENT OF SOCIAL SERVICES


             FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
                    Pamela S. Baskervill, Judge

             (Phillip T. DiStanislao, Jr.; Hardy &
             DiStanislao, P.C., on brief), for appellant.

             (Joan M. O'Donnell, on brief), for appellee.


     Trisha R. Jones (mother) appeals the decision of the circuit

court terminating her residual parental rights to her sons, Lord

I. Jones and Chaz A. Jones.  On appeal, mother contends that the

trial court erred (1) by finding the evidence sufficient to

support termination of her parental rights under Code

§§ 16.1-283(C)(1) and 16.1-283(C)(2), and (2) by failing to make a

specific finding that the termination of mother's parental rights

was in the best interests of the children.  Upon reviewing the

record and briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the decision of

the trial court.  See Rule 5A:27.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

On appeal, we view the evidence and all the reasonable inferences in the light most favorable to appellee as the party prevailing below.  See McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).

## Background

On October 15, 1998, the Petersburg Department of Social Services (the Department) filed petitions requesting emergency removal of Lord and Chaz from their parents' care, alleging the children had been abandoned and neglected.  Mother left her home at approximately 11:00 p.m. on October 12, 1998 without providing information on her whereabouts or when she would return.  Father was incarcerated at the time.  Father and mother are both infected with HIV, as is Chaz, their younger son.  When mother left, she did not leave any instructions concerning Chaz's medical care.

In November 1998, the juvenile and domestic relations district court reviewed the initial foster care service plans for the children.  The initial goal was to return the children home. The plans were reviewed regularly in accordance with Code § 16.1-282, providing mother and father opportunity to present evidence of alternatives to foster care for their children. However, the children have remained in foster care since October 1998, and the parents have failed to demonstrate they have made sufficient change in their lives to allow a safe return of the children to their care.

-

In February 2000, the Department sought approval of a new plan with a change in goal from returning the children home to adoption. The juvenile court found that changing the goal to adoption was in the children's best interests with regard to mother. The juvenile court continued the hearing from February 22, 2000 until August 22, 2000, to allow father the opportunity to establish a safe environment for his children. After reviewing the evidence, the juvenile court approved the change in goal to adoption on August 22, 2000. In February 2001, the juvenile court granted the Department's separate petitions to terminate mother's and father's parental rights.

The circuit court heard the evidence <u>ore</u> <u>tenus</u> on April 12, 2001. The court approved the permanency plan and terminated mother's and father's parental rights.

Analysis

I.

Mother argues the Department failed to produce clear and convincing evidence to support termination of her parental rights under Code §§ 16.1-283(C)(1) and 16.1-283(C)(2).

In pertinent part, Code § 16.1-283(C)(1) provides:

> The residual parental rights of a parent or parents of a child placed in foster care as a result of court commitment . . . may be terminated if the court finds, based upon clear and convincing evidence, that it is in the best interests of the child and that:

-

1. The parent or parents have, without good cause, failed to maintain continuing contact with and to provide or substantially plan for the future of the child for a period of six months after the child's placement in foster care notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to communicate with the parent or parents and to strengthen the parent-child relationship. Proof that the parent or parents have failed without good cause to communicate on a continuing and planned basis with the child for a period of six months shall constitute prima facie evidence of this condition.

Under Code § 16.1-283(C)(2), the court can terminate a party's parental rights if the parent has "been unwilling or unable within a reasonable period of time not to exceed twelve months from the date the child was placed in foster care to remedy substantially the conditions which led to or required continuation of the child's foster care placement."

Mother moved numerous times while her children were in foster care. From August 1999 until February 2000 she had no contact with her children or with the Department. Mother admitted using cocaine and marijuana and failed to provide verification of successful treatment or abstinence from drug use. She failed to complete an anger management program, as ordered by the court, and failed to participate in individual or family counseling.

During an extended home visit in December 2000, father left the children alone with mother against Department orders. Mother

-

was hospitalized soon after, and she left the children with a relative.

Mother has failed to communicate on a continuing and planned basis with the children for a period of six months or more. Mother has failed to plan for her children's future and has made no provisions for them for over two years. In the two years prior to the hearing, during which Lord and Chaz were in foster care, mother had continuing contact with them between August 2000 and December 2000 only. Mother's continued failure to maintain contact with her children constituted prima facie evidence to terminate her parental rights. Mother failed to rebut the presumption created by statute.

Mother has failed to make substantial progress towards the elimination of the conditions which led to her children's foster care placement. She has not completed required programs and therapy. Mother's inability to remedy substantially the conditions that led to her sons' placement in foster care was without "good cause."

We conclude that this record contains sufficient evidence that mother's parental rights were properly terminated under Code §§ 16.1-283(C)(1) and 16.1-283(C)(2).

II.

"In matters of a child's welfare, trial courts are vested with broad discretion in making the decisions necessary to guard and to foster a child's best interests." Farley v. Farley, 9

-

Va. App. 326, 328, 387 S.E.2d 794, 795 (1990).  On appeal, we presume that the trial court "thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests."  Id. at 329, 387 S.E.2d at 796.  Furthermore, "[w]here, as here, the trial court heard the evidence ore tenus, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it."  Martin v. Pittsylvania County Dep't of Social Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986).  Mother argues the trial court failed to specifically find it was in the children's best interests to terminate her parental rights.  However, in its May 21, 2001 order, the trial court stated "that it is in the best interests of the children to terminate the mother's residual parental rights in order to provide the children with a permanent placement."  The trial court specifically found that the termination of mother's residual parental rights was in the best interests of her children.  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

Affirmed.

-