**Alexandria**

SHIRLEY M. McGUIRE

v.

PHILLIP C. McGUIRE

No. 0414-89-4

Decided April 24, 1990

COUNSEL

Emilia Castillo (Arlene Lyles Pripeton; Daniel Stephen Palmer; Arlene Lyles Pripeton, P.C., on brief), for appellant.

Robert E. Shoun (Beverly J. Bach; Shoun, Smith & Bach, on brief), for appellee.

OPINION

MOON, J.—Because the trial judge considered the amount that she will receive from her husband's pension under the equitable distribution award as a source of funds available to her for her support needs, Shirley McGuire claims that the decree wrongfully requires her to exhaust her own estate rather than requiring her husband to provide spousal support. We disagree and affirm because Code § 20-107.1 provides that the trial judge may, in fixing a spousal support award, consider income derived from a pension as an available source of funds to meet current needs.

The parties separated on July 1, 1986, after twenty-seven years of marriage. Their settlement agreement of September 22, 1987, provided that the husband would pay the wife $1250 monthly spousal support, subject to modification upon appropriate motion, and that the wife would receive a monetary award from the husband's federal civil service retirement pay, such award to be computed at the time of the husband's pending retirement according to a formula specified in the agreement. Pursuant to the agreement, the wife and husband would receive approximately a forty-three and fifty-seven percent portion, respectively, of the monthly payment. Survivor benefits were to be deducted from the wife's forty-three percent share. The agreement was ratified, affirmed, and incorporated into the final decree of divorce of December 7, 1987.

On appeal, we construe the evidence in the light most favorable to appellant, granting to appellant all inferences fairly deducible therefrom. *Martin v. Pittsylvania County Dep't of Social Servs.*, 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986).

On December 2, 1988, the husband retired from the Alcohol, Tobacco and Firearms Division of the United States Department of Treasury. The husband's retirement plans were long-standing, and his then age of fifty was the retirement age permitted by federal law for law enforcement officers. In January, 1989, the husband filed a motion to suspend or terminate his spousal support obligation, based upon a substantial change in his financial circumstances — reduction in his former $90,000 annual income due to retirement.

At the date of trial, the husband, age fifty and in good health, had gross annual earnings from employment of $24,000. His net monthly income was $2,950, including his projected share from the federal retirement. His income and expense statement showed his total expenses, present and projected, to be $3,440 per month. This showed a deficit of $490. The wife, who at age fifty-one was in good health and working full time, testified that her monthly net income was $1,188.50 from a gross annual salary of $18,470. Her monthly expenses of $2,383.70, not including unspecified amounts of credit card obligations, were covered by her wages and $1,250 monthly spousal support award.

Mrs. McGuire maintains that her husband failed to show that his change of circumstances was involuntary. She argues that he had the burden of proving that his lack of ability to pay support was not due to his voluntary act or his own neglect. *Crosby v. Crosby*, 182 Va. 461, 466, 29 S.E.2d 241, 243 (1944). She argues that because his earning *capacity* has not changed, the court should not have considered what he now earns. *Robertson v. Robertson*, 215 Va. 425, 427, 211 S.E.2d 41, 44 (1975).

It is true that a spouse may not choose purposefully to pursue a low-paying career which operates to the detriment of the other spouse. *Payne v. Payne*, 5 Va. App. 359, 364, 363 S.E.2d 428, 431 (1987). However, the evidence in this case fails to show that the husband's retirement necessarily operated to the detriment of his wife.

Before the husband's retirement, the wife was receiving $1,250 a month in spousal support. Because of the husband's retirement, she will receive $1,600 per month from his pension. Therefore, the sums paid to the wife following the husband's retirement are greater than they were before his retirement. The principles set forth in *Crosby* and *Payne* are therefore inapplicable to this case. Thus, we hold that the trial judge did not abuse his discretion in finding that the husband's retirement constituted a change of circumstances justifying the petition for reduction of spousal support.

Next, Mrs. McGuire claims that a court may not require a party entitled to spousal support to invade his or her own estate to relieve the former spouse of a legal support obligation. *See Klotz v. Klotz*, 203 Va. 677, 680, 127 S.E.2d 104, 106 (1962). She asserts that her share of the federal pension was part of her equitable distribution award and, as such, an asset of her estate, not a source of funds from which she is required to look to for support. She relies upon *Ray v. Ray*, 4 Va. App. 509, 358 S.E.2d 754 (1987), where a panel of this Court held that "[t]he trial court erred when it considered the monetary award derived from the wife's marital property interest as income rather than an asset from which potential income might be derived." *Id.* at 514, 358 S.E.2d at 757.

■ Whether spousal support should be paid is largely a matter committed to the sound discretion of the trial court, subject to the provisions of Code § 20-107.1. The first factor listed in Code § 20-107.1 is "[t]he earning capacity, obligations, needs and financial resources of the *parties*, including but not limited to income from all *pension*, profit sharing or retirement plans, of whatever nature." (emphasis supplied).

Thus, Code § 20-107.1 required the trial judge to consider the income from the federal pension that Mrs. McGuire, a party, was to receive. Mrs. McGuire argues that the language refers to the party paying the support. Such an interpretation is contrary to the plain meaning of the word *parties*.

Mrs. McGuire maintains that she is entitled under *Ray* to set aside the pension money that she receives each month, invest it and only be required to expend the income or interest she receives from that investment (asset) for her personal support. We disagree. The husband's pension is income derived from many years of

work that gave rise to a right to that income. In the instance of an IRA, Keogh or similar retirement plan, a person sets aside part of his earnings from which, upon retirement, the retiree will be entitled to take the entire sum or periodic payments. With regard to the husband's pension in this case, a lump sum payment is not possible. The "asset" is the right to receive income on a monthly basis. There is no sum of money built up, as in the case of an IRA, that a retiree is entitled to receive. Theoretically, the wife in *Ray* could have exhausted her estate and had no income to live on if she was forced to invade her separate estate for support. Here, there is no asset to invade and the wife can never exhaust her estate, insofar as the right to the pension payment is concerned. Mrs. McGuire will receive the monthly payment so long as she lives. We believe that the plain language of Code § 20-107.1 requires that monthly federal pension payments be considered as akin to monthly income from an asset and not an exhaustible asset as was the case in *Ray*.

Therefore, we hold that the trial court did not abuse its discretion in fixing the spousal support award when it considered the monthly pension payments to Mrs. McGuire.

Accordingly, the judgment appealed from is affirmed.

*Affirmed.*

Duff, J., and Keenan, J., concurred.