COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Agee and Senior Judge Coleman


MICHAEL ALEXANDER MAHONEY, SR.
                                        MEMORANDUM OPINION*
v.    Record No. 2269-99-4                  PER CURIAM
                                          MARCH 6, 2001
JEANNE MARGUERITE MAHONEY


             FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                     Paul F. Sheridan, Judge

           (Michael A. Mahoney, Sr., pro se, on brief).

           (John R. Angus; Weiner, Weiner & Weiner,
           P.C., on brief), for appellee.


     Michael A. Mahoney, Sr. (father) appeals the decision of the

circuit court ordering him to pay the premiums for his minor

children's health insurance and to pay child support to Jeanne M.

Mahoney (mother).  On appeal, father contends that the circuit

court did not have personal jurisdiction (Issues I and II).  He

also challenges a show cause order that was not a part of the

circuit court case (Issues IV and VI), and requests that as the

primary insured he be allowed to review medical expenses for his

minor children on his insurance policy (Issue V).  Father also

contends that the circuit court erred by imputing income to him

for the purpose of calculating child support payments (Issue III).

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

On appeal, mother moves to strike the questions presented by father and to strike or disregard portions of father's appendix. Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit and, therefore, we need not rule on mother's motions. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

On appeal, we view the evidence and all reasonable inferences in the light most favorable to appellee as the party prevailing below. See McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).

## Procedural Background

In December, 1995, the juvenile and domestic relations district court (juvenile court) awarded mother child and spousal support from father. In December, 1998, the juvenile court reduced the child support obligation and father appealed to the circuit court. The circuit court held a de novo hearing on August 26, 1999 on the father's motion to reduce support. The trial court imputed income to father based on his earnings at the time of his extradition to Virginia from Mississippi in July, 1998. The trial court reduced father's child support obligation to $789 per month for the period of October 1, 1998 to July 31, 1999, and $600 per month beginning on August 1, 1999. Father was also required to maintain health insurance on the minor children at a cost of $225 per month.

-

                    I., II., IV. through VI.

     "The Court of Appeals will not consider an argument on

appeal which was not presented to the trial court."  Ohree v.

Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998).

See Rule 5A:18.

     Father contends that the circuit court had not acquired

personal jurisdiction.  However, father made a general

appearance which conferred personal jurisdiction by the court

over him and he did not object to jurisdiction of the circuit

court on any other basis.  Father, therefore, waived his

objections to the court's exercise of personal jurisdiction.

The show cause order father objects to was filed after the

August 26, 1999 circuit court decision that is the subject of

this appeal.  The issue of father's right to review his

children's medical bills was not raised at trial.

     Accordingly, Rule 5A:18 bars our consideration of these

questions on appeal.  Moreover, the record does not reflect any

reason to invoke the good cause or ends of justice exceptions to

Rule 5A:18.

                            III.

     Father contends that the trial court erred by imputing

income to him for the purpose of calculating his child support

obligation for the time that he has been incarcerated.  Father

was incarcerated for failure to pay his court-ordered support

obligations.  The trial court found that father's lack of

                              -

employment was voluntary and imputed income to him for that reason. The trial court also found that father's actions caused the sheriff to deny him work release while incarcerated. "A trial court has discretion to impute income to either or both the custodial or noncustodial parent who is voluntarily unemployed." <u>Bennett v. Commonwealth</u>, 22 Va. App. 684, 691, 472 S.E.2d 668, 672 (1996), <u>see</u> Code § 20-108.1(B)(3). Father is incarcerated and unemployed due to his failure to pay his existing support obligations. The trial court did not err by imputing income to father for the purpose of calculating his child support obligation.

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed.</u>

-