COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Bumgardner and
          Senior Judge Hodges


TED E. COX
                                    MEMORANDUM OPINION[*] BY
v.   Record No. 3040-00-3                PER CURIAM
                                         MAY 15, 2001
LYNDA T. COX


             FROM THE CIRCUIT COURT OF WASHINGTON COUNTY
                   Charles B. Flannagan, II, Judge

             (Robert M. Galumbeck; Dudley, Galumbeck,
             Necessary and Dennis, on brief), for
             appellant.

             (Nancyjean Bradford; Bradford & Smith, P.C.,
             on brief), for appellee.


     Ted E. Cox (husband) appeals from a final decree of divorce

entered by the circuit court valuing a business of the parties and

directing the equitable distribution of the parties' assets in

accordance with Code § 20-107.3.  On appeal, husband contends that

the trial court erred in its (1) valuation of the business; and

(2) in its allocation of the parties' assets because of the

improper valuation.  Husband asks that the case be remanded to the

trial court with instructions to find that the business has no

value, or to determine its value by sale.  Upon reviewing the

record and briefs of the parties, we conclude that this appeal is

_____
     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

without merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

On appeal, we view the evidence and all the reasonable inferences in the light most favorable to appellee, as the party prevailing below.  See McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).

## Background

After the parties married, husband started Fleet Maintenance, Inc. (Fleet), a truck maintenance facility.  During the course of the marriage, husband was the sole owner of Fleet and it was the primary source of the couple's income.  After twenty-six years of marriage, husband and Lynda T. Cox (wife) separated in October 1997.  On November 21, 2000, the circuit court entered the final decree of divorce.

Husband and wife each moved the court for an equitable distribution of the marital estate in accordance with Code § 20-107.3.  The assets of the parties fell into three categories: the business, real property, and personalty.  After hearing evidence of the value of the various assets, the court determined that the value of Fleet was $175,000.  The trial court ordered that Fleet, one parcel of real estate, and a portion of the personalty be awarded to husband and that the remaining personalty and real estate be distributed to wife.  Additionally, husband was ordered to make a cash payment of $7,093 to wife.

-

I.

Both parties presented evidence as to the value of Fleet. Jeffrey Kyle Stiltner testified that he was an employee of Fleet for over a year. In early 1997, he negotiated with husband for the purchase of Fleet. Stiltner agreed to purchase the business for an amount between $210,000 and $260,000. Stiltner secured a bank commitment for a loan of $160,000 and planned to finance the remainder of the purchase price through husband and wife. Stiltner testified that he did not finalize the deal because he and his wife decided "not to take on that kind of a headache and burden."

Husband submitted to the court lists of bills owed by Fleet and assets owned by Fleet. However, husband did not present the court with an alternative figure of valuation of the business. "The burden is on the parties to provide the trial court sufficient evidence from which it can value their property." Bosserman v. Bosserman, 9 Va. App. 1, 5, 384 S.E.2d 104, 107 (1989). Fleet's accountant and bookkeeper also testified about certain debts of the corporation, but did not estimate the value of the business.

> Code § 20-107.3(A) directs that the trial court value all property of the parties, but it does not define the term, "value," for equitable distribution purposes. The statute does not set the standard of value, that is, the measure of property's worth for equitable distribution. "Value" is a mercurial term; the term has numerous, distinct meanings. The various meanings are

-

not interchangeable. The meaning of the term, "value," depends on what is being valued, who is interested, and why it is being valued. A piece of property may have different values for different purposes. The purpose for which it is being valued determines which definition, which standard of value, is proper. Purpose determines the standard of value; that, in turn, determines the appropriate methods of valuation.

Howell v. Howell, 31 Va. App. 332, 338, 523 S.E.2d 514, 517 (2000). "Trial courts valuing marital property for the purpose of making a monetary award must determine from the evidence that value which represents the property's intrinsic worth to the parties . . . ." Bosserman v. Bosserman, 9 Va. App. 1, 6, 384 S.E.2d 104, 107 (1989). The trial court found, based on the aborted sale of Fleet to Stiltner, that the intrinsic value of the business was $175,000. "Because intrinsic value must depend on the facts of the case, we give great weight to the findings of the trial court." Howell, 31 Va. App. at 339, 523 S.E.2d at 518. Six months before the parties separated, husband drafted a sales contract for Fleet with a purchase price of $260,000. Stiltner indicated that a financial institution was prepared to loan him $160,000 for the purchase of the business. The trial court did not err in its valuation of Fleet.

II.

The trial court did not err in its valuation of Fleet. Consequently, it also did not err in its distribution of the

-

parties' property pursuant to Code § 20-107.3.  Accordingly, the
decision of the circuit court is summarily affirmed.

<u>Affirmed.</u>

-