COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Senior Judge Overton


MICHELLE RAYEFORD

                                    MEMORANDUM OPINION*
v.    Record No. 1662-01-1              PER CURIAM
                                    SEPTEMBER 25, 2001
CITY OF PORTSMOUTH DEPARTMENT
 OF SOCIAL SERVICES


         FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                  Von L. Piersall, Jr., Judge

         (Sonya A. Weaver, on brief), for appellant.

         (G. Timothy Oksman, City Attorney; Shelia C.
         Riddick, Assistant City Attorney, on brief),
         for appellee.


     Michelle Rayeford (mother) appeals the decision of the

circuit court terminating her residual parental rights to her

daughters, Karina and Marina Rayeford.  On appeal, mother contends

the trial court erred in (1) granting the Portsmouth Department of

Social Services (the Department) two continuances and (2) finding

the evidence sufficient to terminate her residual parental rights.

Upon reviewing the record and briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the decision of the trial court.  See Rule 5A:27.

     On appeal, we view the evidence and all the reasonable

inferences in the light most favorable to appellee as the party

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

prevailing below.  See McGuire v. McGuire, 10 Va. App. 248, 250,
391 S.E.2d 344, 346 (1990).

Background

On June 21, 1995, mother's daughters, then ages six and
three, came into the custody of the Department after the
Department received a complaint of abuse and neglect.  The
children had been left unattended in a house infested with rats
and roaches, and lacking electricity.  Over the course of the next
five years, the Department offered mother the full array of its
services, including counseling, employment services, visitation,
substance abuse counseling, parenting classes, a psychiatric
evaluation, and food stamps.  Mother refused to participate in
most of the offered services.  Mother's visits with her children
were sporadic and, in January 1999, she stopped visitation
altogether.  The Department then changed its plan to a goal of
adoption instead of return to parent.  The guardian ad litem
agreed that terminating mother's parental rights was in the best
interests of the children.

The trial court granted the Department two continuances.  On
January 4, 2001 counsel for the Department moved for a continuance
because she had not been notified of the appeal to the circuit
court and was unavailable for trial due to previous commitments.
The court granted the motion and continued the case to February 1,
2001.  On February 1, the Department made a second motion for a
continuance on the ground that a subpoenaed expert witness,

-

Christopher Pyle, had been involved in a serious accident and was hospitalized. The Department learned of Pyle's accident on the day of the trial. The court granted the second motion for a continuance and rescheduled the trial for April 5, 2001. On April 6, 2001, the court entered an order terminating mother's residual parental rights.

## Analysis

### I.

"Whether to grant or deny a continuance of a trial is a matter that lies within the sound discretion of a trial court, and its ruling will not be reversed on appeal unless it is plainly wrong." Cardwell v. Commonwealth, 248 Va. 501, 508, 450 S.E.2d 146, 151 (1994). The Department did not receive notice of the appeal or the court date and counsel was not available for trial on January 4, 2001 due to previous commitments. Mother presented no evidence showing that the Department caused the problem or that she was prejudiced as a result of the continuance. On February 1, 2001, the Department learned that its expert witness had been in an accident and would be unable to testify that day. The trial court granted both continuances for good cause shown. The trial court did not abuse its discretion in granting the continuances.

Furthermore, on appeal, appellant argues the trial court erred in granting the continuances because Code § 16.1-296(D) mandates that appeals involving the termination of parental

-

rights brought under Code § 16.1-283 shall be heard within ninety days of the perfection of the appeal. Appellant did not object to the continuances for this reason before the trial court. "No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. Accordingly, Rule 5A:18 bars our consideration of this question on appeal. Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

## II.

"When addressing matters concerning a child, including the termination of a parent's residual parental rights, the paramount consideration of a trial court is the child's best interests." Logan v. Fairfax County Dep't of Human Devel., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991). "Code § 16.1-283 embodies 'the statutory scheme for the . . . termination of residual parental rights in this Commonwealth' [which] . . . 'provides detailed procedures designed to protect the rights of the parents and their child,' balancing their interests while seeking to preserve the family." Lecky v. Reed, 20 Va. App. 306, 311, 456 S.E.2d 538, 540 (1995) (citations omitted). "'In matters of a child's welfare, trial courts are vested with broad discretion in making the decisions necessary to guard and to

-

foster a child's best interests.'" Logan, 13 Va. App. at 128, 409 S.E.2d at 463 (citation omitted). The trial judge's findings, "'when based on evidence heard ore tenus, will not be disturbed on appeal unless plainly wrong or without evidence to support [them].'" Id. (citation omitted).

The court terminated mother's parental rights pursuant to Code § 16.1-283(C)(2). That section provides that the court can terminate a party's parental rights if the parent has "been unwilling or unable within a reasonable period of time not to exceed twelve months from the date the child was placed in foster care to remedy substantially the conditions which led to or required continuation of the child's foster care placement." Code § 16.1-283(C)(2).

At the time mother's children were placed in foster care, mother was involved with drugs and admits that drugs led to the removal of her children. Mother left her children, ages three and six, home alone in a rat and roach infested house with no electricity. Mother was required to receive substance abuse counseling, complete parenting classes, obtain a psychiatric evaluation, have individual and family counseling, obtain and maintain adequate housing, maintain employment and consistently visit her children. Mother acknowledges that she did not visit her children on a regular basis, and did not obtain counseling or a psychiatric evaluation. She has had six different

-

addresses since her girls have been in foster care and was

unable to document any consistent employment.

> The phrase, "within a reasonable time"
> is an important element of the statutory
> scheme.  One of the goals of the
> Commonwealth, as noted, is to maintain the
> family structure in all possible
> circumstances.  The Code recognizes,
> however, that there are circumstances in
> which this will not be possible.  It is
> clearly not in the best interests of a child
> to spend a lengthy period of time waiting to
> find out when, or even if, a parent will be
> capable of resuming his responsibilities.

Kaywood v. Dep't of Soc. Servs., 10 Va. App. 535, 540, 394

S.E.2d 492, 495 (1990).  Since 1995, mother has failed to accept

offered services and has failed to remedy the conditions which

led to the placement of her children in foster care.  Mother's

inability to remedy the conditions that led to her daughters'

placement in foster care was without good cause.  Accordingly, we

summarily affirm the decision of the trial court.  See Rule 5A:27.

Affirmed.

-