COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Agee and Senior Judge Coleman


EZZAT M. ZEIN
                                        MEMORANDUM OPINION[*]
v.    Record No. 0352-01-4                   PER CURIAM
                                        OCTOBER 23, 2001
NORA H. BURGAN (ZEIN)


             FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                      Stanley P. Klein, Judge

          (Ezzat M. Zein, pro se, on brief).

          (Nora H. Burgan, pro se, on brief).


     Ezzat M. Zein (husband) appeals the decision of the circuit

court denying in part and granting in part his motion to reduce

child support payments to his former wife, Nora H. Burgan (wife).

On appeal, husband presents five questions, but only three

distinct issues.  He contends the trial court erred in (1)

imputing his income as $66,000 per year, (2) determining that

wife's income was $40,000 per year, and (3) crediting him with

support overpayment only beginning September 1, 2000.  Upon

reviewing the record and briefs of the parties, we conclude that

this appeal is without merit.  Accordingly, we summarily affirm

the decision of the trial court.  See Rule 5A:27.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

On appeal, we view the evidence and all reasonable inferences in the light most favorable to appellee as the party prevailing below.  See McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).

## Background

The parties married in 1979, separated in December 1993, and were granted a final decree of divorce on June 21, 1995. Three children were born during the marriage.  On May 22, 1998, the circuit court entered an order awarding wife $1,012 per month in support.  In his Petition to Change Child Support, husband asked the trial court to impute income to wife retroactive to January 1998, find his income to be $30,000 annually, reduce his child support obligation because his oldest child reached the age of eighteen, and order wife to reimburse husband for alleged overpayment of support.  The trial court adjusted husband's monthly obligation to $929.60 for the support and maintenance of his two minor children.

## Analysis

The trial court determined that husband's annual income is currently $66,000.  In a deposition, Hamoud Aljunaibi testified that he negotiated with husband to purchase one of husband's restaurants.  Husband presented Aljunaibi with stock certificates indicating that he owned one hundred percent of the business.  He also told Aljunaibi that he received $36,000 "under the table" each year in addition to his $30,000 reported

-

income.  After Aljunaibi took over the business he found its income to be approximately $5,000 higher than that reported by husband.  Aljunaibi's testimony was corroborated by documentary evidence.  The trial court found that appellant purposely concealed two bank accounts and failed to cooperate with discovery.  The trial court did not err in imputing income to appellant for purposes of Code § 20-108.2 as $66,000.

The trial court found wife's income was $40,000.  From one business, Samadi Sweets Café, she earned $35,000, and from another business, Events Unlimited, she earned $8,000 in 1998 and $2,000 in 1999.  The court averaged the two figures and set the amount of additional income as $5,000.  The trial court did not err in calculating wife's annual income.

"No support order may be retroactively modified, but may be modified with respect to any period during which there is a pending petition for modification, but only from the date that notice of such petition has been given to the responding party."  Code § 20-108.  Husband acknowledges that he filed his petition on September 1, 2000.  After adjusting husband's support obligation, the court credited him with an overpayment in the amount of $328 for payments made during the pendency of the action.  Husband was not entitled to anything more.  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

Affirmed.

-