COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Senior Judge Overton


MOYER ELVIN ALLEN, JR.
                                    MEMORANDUM OPINION*
v.    Record No. 3092-01-3              PER CURIAM
                                        APRIL 2, 2002
JOANNE SMITH HOLT ALLEN


              FROM THE CIRCUIT COURT OF FLOYD COUNTY
                       Ray W. Grubbs, Judge

          (G. David Nixon; Huffman & Nixon, P.C., on
          brief), for appellant.

          No brief for appellee.


     Moyer Elvin Allen, Jr. (husband) appeals the decision of the

circuit court awarding Joanne Smith Holt Allen (wife) a money

judgment against him to compensate her for the loss of certain

items of personal property husband was required to produce.  On

appeal, husband contends the trial court erred in (1) accepting

wife's valuation of the property, and (2) awarding wife the money

judgment.  Upon reviewing the record and opening brief, we

conclude that this appeal is without merit.  Accordingly, we

summarily affirm the decision of the trial court.  See Rule 5A:27.

     On appeal, we view the evidence and all reasonable

inferences in the light most favorable to appellee as the party

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

prevailing below. See McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).

## Procedural Background

Husband and wife married in October 1982, separated in December 1998, and were divorced by final decree on March 20, 2001. During the course of the proceedings, wife produced a list of items of tangible personal property she wanted from the marital house, occupied by husband. Husband did not object. In his report, the commissioner in chancery determined certain of the items should be given to wife and that husband was required to perform a vigilant search of the house in order to find the items. The commissioner's report was approved by the court in all respects. The court further ordered husband to turn over the items of marital personalty, if found after a vigilant search, on or before November 30, 2000. When husband failed to produce all the items from the list, wife requested a money judgment be entered against husband to cover the cost of the missing items. Husband testified he conducted a vigilant search of the marital home but could not find the items. Wife testified as to the value of the items, and the trial court ordered husband to pay wife $9,365.

## Analysis

### I. and II.

"On appeal, the judgment of the trial court is presumed correct. The burden is on the party who alleges reversible

-

error to show by the record that reversal is the remedy to which he is entitled." Johnson v. Commonwealth, 12 Va. App. 391, 396, 404 S.E.2d 384, 387 (1991) (citation omitted). There is no transcript of the hearing in this appeal, and the written statement of facts consists of two short paragraphs summarizing the testimony of the parties. The record before us indicates the trial court heard testimony from wife concerning the value of the missing items and testimony from husband concerning his "vigilant search" for the items. Nothing in this record provides any basis for us to conclude that the trial court erred in its factual determinations. In the absence of other evidence, we cannot say that husband has borne his burden to demonstrate that the trial court erred by determining the property's value and ordering husband to pay wife for the missing property.

Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

Affirmed.

-