COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Agee and Senior Judge Coleman


GORDON N. DEMPSEY

                                        MEMORANDUM OPINION[*]
v.    Record No. 2592-01-3                  PER CURIAM
                                          APRIL 2, 2002
REAL ESTATE APPRAISER BOARD OF
 THE COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF ROANOKE COUNTY
                  Richard C. Pattisall, Judge

           (Sam Garrison, on brief), for appellant.

           (Randolph A. Beales, Attorney General;
           Richard B. Zorn, Senior Assistant Attorney
           General; John B. Purcell, Jr., Assistant
           Attorney General, on brief), for appellee.


     Gordon N. Dempsey (Dempsey) appeals a decision of the

circuit court affirming the revocation of his real estate

appraiser's license by the Virginia Real Estate Appraiser Board

(Board).  Dempsey contends the trial court erred by refusing to

reverse the Board's decision or remand his case to the Board

because (1) the Board lost a letter making it unavailable for

consideration by the Board at its October 17, 2000 meeting; (2)

the Board allowed the testimony of a licensed real estate

appraiser who was not a party to the proceedings; and (3) the

Board did not record and transcribe the October 17, 2000

---

     [*] Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

proceedings.  Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

On appeal, we view the evidence and all reasonable inferences in the light most favorable to appellee as the party prevailing below.  See McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).

## Procedural Background

In its August 28, 2001 final order, the circuit court affirmed the Board's October 17, 2000 monetary sanctions and license revocation against Dempsey.

Dempsey supervised Evie Kinsey, who was not a licensed appraiser, from 1997 until March 1999.  During this time, Kinsey signed numerous appraisal reports as "Appraiser" and Dempsey signed them as "Supervisory Appraiser."  Following complaints involving Dempsey's appraisals, the Board conducted informal fact finding conferences on February 24, 2000 and September 27, 2000, pursuant to Code § 9-6.14:11.  The Board entered its Final Opinions and Orders on December 24, 2000.  The Board determined Dempsey violated a number of provisions of the Uniform Standards of Professional Appraisal Practice, which has been adopted by the Board, relating to the preparation of appraisal reports.  The violations included allowing Kinsey to sign the reports as an appraiser, using falsified comparable sales data, failing to report accurately the properties, and failing to make use of tax

-

records and sales within the subject's development to obtain a more accurate estimated value.

Dempsey claims the Board or its staff lost or misplaced a letter from Joseph Straub, Kinsey's former employer, before the October 17, 2000 Board hearing.  The letter, a recreation of which was presented to the trial court, positively recommended Kinsey.  During the Board's October 17, 2000 meeting, John M. Foster and Pat E. Turner, licensed real estate appraisers and complainants in two of the cases, addressed the Board.  Foster had reappraised one of the properties appraised by Dempsey.  The Board did not record the meeting.

## Analysis

"It is well established that agency action is presumed valid on review, and the burden rests upon the party complaining to overcome this presumption.  Code § 9-6.14:17."  EDF v. State Water Control Bd., 15 Va. App. 271, 277, 422 S.E.2d 608, 611 (1992).

### I.

Dempsey argues that by misplacing the letter recommending Kinsey, the Board denied him his right to present evidence upon relevant factual issues.  See Code § 9-6.14:12.  The Straub letter was discussed at the February 24, 2000 and September 27, 2000 conferences.  The transcripts from these conferences reference the letter and note that it is missing.  The parties disagree as to whether Dempsey introduced the letter during the February

-

conference.  It is evident from the transcripts that the presiding conference officer, David N. Castle, was familiar with the letter and its contents and duly considered it when he made his recommendations to the Board.  References in the February conference transcript substantiate the limited content of the letter.  The circuit court assumed the letter had been made part of the record by Dempsey at the February conference, and did not err in holding that any error by the Board in not preserving the document was harmless.

"No reversible error will be found . . . unless there is a clear showing of prejudice . . . ."  Johnston-Willis v. Kenley, 6 Va. App. 231, 258, 369 S.E.2d 1, 16 (1988).  The conferences investigated complaints made on appraisals signed by Dempsey.  By signing the appraisals, Dempsey vouched for the accuracy of the appraisals and compliance with all statutes and regulations. Although the letter may have relayed Kinsey's qualifications, it did not excuse Dempsey's obligation to properly supervise her work.  Castle and the Board were aware of the contents of the missing letter.  The Board made its decision based upon the entire record, including the testimony regarding the recommendation of Kinsey and repeated references to the letter contained in the transcripts.  The letter's unavailability as part of the record did not affect the Board's decision.

Dempsey argues Foster's comments were inflammatory, inappropriate and potentially prejudicial.  However, he also

-

concedes that it is impossible to determine what effect, if any, the remarks had on the Board's decision.

> [T]he rules of evidence are relaxed in an administrative proceeding and . . . "[n]o reversible error will be found . . . unless there is a clear showing of prejudice arising from the admission of [improper] evidence, or unless it is plain that the agency's conclusions were determined by the improper evidence, and that a contrary result would have been reached in its absence."

Id. at 258, 369 S.E.2d at 16 (citations omitted). We assume without deciding that Foster's remarks were improper. Dempsey has failed to demonstrate actual prejudice as a result of the remarks. Additionally, the evidence that Dempsey violated Board rules is admitted or overwhelming in each of the seven cases against him. Therefore, even if it was error to consider the remarks, the error is harmless.

## II.

Dempsey next argues the trial court erred by finding no violation of his due process rights when the Board permitted Foster, a licensed real estate appraiser, to testify before it at its October 17, 2000 meeting. Code § 9-6.14:11(C) permits "persons who participated in the prior [conference] . . . an opportunity to respond at the board . . . meeting to any summaries of the prior proceeding prepared by or for the board." As a complainant who testified at the conference against Dempsey, Foster was a "participant" authorized to respond. Foster's comments at the October 17, 2000 meeting were

-

consistent with Code § 9-6.14:11(C) and did not exceed the bounds of the statute.  He highlighted the nature and facts of his complaint and specifically responded to the summary.

III.

Finally, Dempsey contends the Board was obligated to record and transcribe the October 17, 2000 proceedings.  Code § 2.1-343, governing public meetings, only requires that the "[m]inutes shall be recorded at all open meetings."  Code § 2.1-343(I).  The Board duly recorded the minutes of the October 17, 2000 proceedings.  Furthermore, pursuant to Code § 2.1-343(H), Dempsey was permitted to "record or otherwise reproduce any portion of a meeting required to be open."  He chose not to do so.  Dempsey stated no error of law.  "The burden shall be upon the party complaining of agency action to designate and demonstrate an error of law subject to review by the court." Code § 9-6.14:17.

Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

Affirmed.

-