COURT OF APPEALS OF VIRGINIA


Present: Judges Annunziata, Agee and Senior Judge Coleman


TAMENA WILSON

                                        MEMORANDUM OPINION*
v.    Record No. 2724-01-1                  PER CURIAM
                                          APRIL 16, 2002
ANTOINE WILSON


            FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                   Everett A. Martin, Jr., Judge

            (Curtis T. Brown, on brief), for appellant.

            (Starr I. Yoder; Tidewater Legal Clinic, on
            brief), for appellee.


     Tamena Wilson (wife) appeals the decision of the circuit

court awarding Antoine Wilson (husband) a final decree of divorce.

On appeal, wife contends the trial court erred in (1) denying her

exceptions to the commissioner in chancery's report, (2) refusing

to continue the exceptions hearing for lack of proper notice, and

(3) refusing to entertain her motion for custody, child support,

and spousal support.  Upon reviewing the record and briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court.

See Rule 5A:27.[1]

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

     [1] Appellant's motion to dismiss and disregard appellee's
appendix is denied.

On appeal, we view the evidence and all reasonable inferences in the light most favorable to appellee as the party prevailing below.  See McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).

### Procedural Background

Husband filed a bill of complaint on April 28, 2000 seeking a no-fault divorce from wife.  Wife filed her answer and cross-bill on May 24, 2000.  On December 15, 2000, husband's counsel gave notice to wife's counsel that she would seek entry of a decree of reference on January 5, 2001.  On that date, the circuit court referred this case to a commissioner in chancery.  Wife's counsel did not appear for the entry of the decree of reference and did not communicate with husband's counsel.

On April 25, 2001, the trial court issued a scheduling conference notice requiring counsel for both parties to either submit a scheduling order before June 1, 2001 or appear in court at 2:30 p.m. on that date for the entry of such an order.  The parties did not submit a scheduling order prior to the specified date, and only husband's counsel appeared on June 1.  The court entered an order setting the commissioner's hearing for July 30, 2001.  On June 6, 2001, husband's counsel notified wife's counsel of the hearing.  Wife did not file any motions to continue or to disqualify the commissioner.  Neither wife nor her counsel appeared at the July 30, 2001 hearing.  The commissioner filed his report on August 21, 2001.  On August 27, 2001, wife filed

-

exceptions to the commissioner's report.  On September 20, 2001, husband's counsel scheduled a hearing for September 26, 2001 on wife's exceptions and to have the final decree entered.  Prior to scheduling the hearing, husband's counsel did not confirm wife's counsel's available dates due to wife's counsel's refusal to communicate with husband's counsel.  Wife's counsel then advised the court that the hearing was scheduled without his input and that he could not attend the September 26, 2001 hearing, but he did not file a motion for a continuance.  The trial court entered the final decree on September 26, 2001, without wife or her counsel being present.

## Analysis

### I.

"On appeal, a decree which approves a commissioner's report will be affirmed unless plainly wrong."  Dodge v. Dodge, 2 Va. App. 238, 242, 343 S.E.2d 363, 365 (1986) (citation omitted).  Wife argues only that the trial court erred in denying her exceptions by not holding an exceptions hearing.  However, the trial court scheduled the hearing after receiving wife's exceptions and wife did not appear.  The trial court's approval of the commissioner's report was not plainly wrong.

### II.

Citing Code § 8.01-615, wife argues the trial court did not provide her with reasonable notice of the exceptions hearing.  In pertinent part, that section provides:

-

A cause may be heard by the court upon a
commissioner's report.  Subject to the Rules
of Court regarding dispensing with notice of
taking proofs and other proceedings,
reasonable notice of such hearing shall be
given to counsel of record and to parties
not represented by counsel.

Code § 8.01-615.  Wife was provided five days' notice of the
exceptions hearing.  Although wife's counsel notified the court
of his conflict, he did not file a motion for a continuance.
Furthermore, the trial court noted that wife's counsel
"throughout the course of this suit had not cooperated with
[husband's] counsel by giving available dates for hearings and
had ignored notices from [husband's] counsel and the Court."
Under the facts of this case, the five days' notice was
reasonable.

### III.

In support of her third question presented, wife's sole
argument is that the trial court erred by denying her request
for spousal support; therefore, we do not address the contention
in her question presented that the trial court erred by not
hearing her motions for custody and child support.  "Statements
unsupported by argument, authority, or citations to the record
do not merit appellate consideration."  Novak v. Commonwealth,
20 Va. App. 373, 389, 457 S.E.2d 402, 410 (1995) (citation
omitted).

Although the final decree incorrectly states wife did not
request spousal support, the commissioner's report rejected her

-

request.  As explained above, the trial court's approval of the commissioner's report was not plainly wrong.

Accordingly, we summarily affirm the decision of the trial court.  <u>See</u> Rule 5A:27.

<u>Affirmed.</u>