COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Senior Judge Overton


TAMMY FITZGERALD
                                    MEMORANDUM OPINION*
v.   Record No. 0475-02-3              PER CURIAM
                                       JULY 30, 2002
MONTGOMERY COUNTY DEPARTMENT
 OF SOCIAL SERVICES


          FROM THE CIRCUIT COURT OF MONTGOMERY COUNTY
                    Ray W. Grubbs, Judge

          (Joseph Graham Painter, Jr.; Scott Weber;
          Painter Weber, on briefs), for appellant.

          (Gerard R. Marks, on brief), for appellee.

          (Helen J. Spence, on brief), Guardian ad
          litem for the minor child.


     Tammy Fitzgerald (mother) appeals the decision of the circuit

court terminating her residual parental rights in her daughter,

Melisa.  On appeal, mother contends that the trial court erred by

(1) finding she had been unwilling or unable, without good cause,

to meet the conditions required by the foster care plan and (2)

finding the change in foster care plan was in Melisa's best

interest.  Mother asks that the judgment of the trial court be

reversed.  Upon reviewing the record and briefs of the parties, we

conclude that this appeal is without merit.  Accordingly, we

summarily affirm the decision of the trial court.  See Rule 5A:27.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Background

On appeal, we view the evidence and all the reasonable inferences in the light most favorable to appellee as the party prevailing below.  See McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).

Melisa was born on November 5, 1998, and taken into custody by the Montgomery County Department of Social Services (the Department) on May 9, 1999.  The juvenile and domestic relations district court (juvenile court) made a finding of neglect on July 23, 1999 and on February 17, 2000, the court entered a planning order changing the foster care goal to adoption.  Mother appealed the order to the circuit court, which reversed the juvenile court and ordered that the foster care goal be amended to "return home."

The Department provided additional services to the parents, and Melisa visited with the parents five days a week.  On March 13, 2001, at a foster care review hearing, the Department reported mother continued to have difficulties with employment and housing, and had not completed services.  The court admonished the parents and warned that the goal would be changed to adoption if the situation did not improve.

To correct a physical problem, Melisa was under the care of an orthopedist and required special tape on her feet.  During a visit with mother, mother left the tape on Melisa's feet longer than it should have been, causing Melisa pain and the loss of skin when the tape was removed.  The injuries interfered with future

-

physical therapy.  Following this incident the Department changed

the foster care goal to adoption.  The court then terminated

mother's parental rights.

## Analysis

### I.

In order to terminate mother's residual parental rights under

Code § 16.1-283(C)(2), the court was required to find, upon

clear and convincing evidence, that termination is in the best

interest of the child and that

> [t]he parent or parents, without good cause, have
> been unwilling or unable within a reasonable
> period of time not to exceed twelve months from
> the date the child was placed in foster care to
> remedy substantially the conditions which led to
> the child's foster care placement,
> notwithstanding the reasonable and appropriate
> efforts of social, medical, mental health or
> other rehabilitative agencies to such end.

The Department provided mother with supervised and unsupervised

visitation, in-home services, a parenting skills training

program, individual counseling, psychological assessments, and

couples counseling.  Mother failed to maintain stable employment

and housing, refused to comply with substance abuse screenings,

and failed to complete training classes and counseling.  Mother

married a man not Melisa's father and separated from him shortly

thereafter.  Additionally, mother failed to properly care for

Melisa's medical needs.  We hold, therefore, that the record

amply supports the trial judge's ruling that the Department

established by clear and convincing evidence under Code

-

§ 16.1-283(C)(2) that mother, without good cause, failed to remedy the conditions leading to the child's foster care placement.

## II.

"When addressing matters concerning a child, including the termination of a parent's residual parental rights, the paramount consideration of a trial court is the child's best interests." Logan v. Fairfax County Dep't of Human Devel., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991). "Code § 16.1-283 embodies 'the statutory scheme for the . . . termination of residual parental rights in this Commonwealth' [which] . . . 'provides detailed procedures designed to protect the rights of the parents and their child,' balancing their interests while seeking to preserve the family." Lecky v. Reed, 20 Va. App. 306, 311, 456 S.E.2d 538, 540 (1995) (citations omitted). "'In matters of a child's welfare, trial courts are vested with broad discretion in making the decisions necessary to guard and to foster a child's best interests.'" Logan, 13 Va. App. at 128, 409 S.E.2d at 463 (citation omitted). The trial judge's findings, "'when based on evidence heard ore tenus, will not be disturbed on appeal unless plainly wrong or without evidence to support [them].'" Id. (citation omitted).

As explained above, mother failed to remedy the conditions leading to Melisa's foster care placement and endangered her child. The trial court did not abuse its discretion in

-

determining the change in foster care plan was in Melisa's best interests.

Accordingly, we summarily affirm the decision of the trial court. <u>See</u> Rule 5A:27.

<u>Affirmed</u>.

-