COURT OF APPEALS OF VIRGINIA


Present: Judges Bumgardner, Kelsey and Senior Judge Hodges


CLINTON WHITEHEAD

MEMORANDUM OPINION*
v.    Record No. 3219-02-1                  PER CURIAM
                                        MARCH 18, 2003
HAZEL DIANE (SMITH) WHITEHEAD


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Christopher W. Hutton, Judge

(G. Anthony Yancey; La Mondue Law Firm,
P.L.C., on brief), for appellant.

No brief for appellee.


Clinton Whitehead (husband) appeals the decision of the

circuit court awarding him a divorce from Hazel Diane Smith

Whitehead (wife).  On appeal, husband contends the trial court

erred in (1) awarding wife spousal support of $725 per month, and

(2) not setting a time limitation on the spousal support award.

Upon reviewing the record and opening brief, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

decision of the trial court.  See Rule 5A:27.

On appeal, we view the evidence and all reasonable

inferences in the light most favorable to appellee as the party

prevailing below.  See McGuire v. McGuire, 10 Va. App. 248, 250,

391 S.E.2d 344, 346 (1990).

_____

    * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

## Background

The parties were married August 19, 1978 and separated in January 2001. The evidence established husband earns approximately $48,000 per year and wife earns less than $25,000 per year. The court awarded wife the marital home, which had approximately $10,000 in equity. Husband retains sole interest in his retirement account worth approximately $10,000 and is no longer responsible for the mortgage payments on the marital home. During the marriage both parties contributed to their living expenses.

## Analysis

"Whether and how much spousal support will be awarded is a matter of discretion for the trial court." Barker v. Barker, 27 Va. App. 519, 527, 500 S.E.2d 240, 244 (1998). It is clear that the trial court considered the parties' earning capacities, obligations, needs, financial resources, the duration of the marriage, the contributions of each party to the well-being of the family, and the property interests of the parties. See Code § 20-107.1(E). The record reflects an evidentiary foundation supporting the court's award of permanent spousal support.

Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

Affirmed.