COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Humphreys and Senior Judge Overton


LESLIE DALLAS MARSHALL

MEMORANDUM OPINION*
v.    Record No. 3367-02-2              PER CURIAM
                                        JULY 1, 2003
JAN B. MARSHALL


FROM THE CIRCUIT COURT OF MIDDLESEX COUNTY
William H. Shaw, Judge

(Stephen A. Palmer, on brief), for appellant.

(McClanahan Ingles; Martin, Ingles & Ingles,
Ltd., on brief), for appellee.


Leslie Dallas Marshall appeals the circuit court's ruling rejecting his exceptions to the report of the commissioner in chancery in the divorce proceedings initiated by his wife, Jan B. Marshall.  On appeal, husband contends the commissioner (1) erred by not accepting his "document, which purported to be a memorandum of fact and law or a brief," (2) incorrectly determined wife traced the separate funds used to pay debt, and (3) incorrectly determined those separate funds increased the value of the property.  Upon reviewing the record and briefs, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## Background

On appeal, we view the evidence and all reasonable inferences in the light most favorable to appellee as the party prevailing below. See McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990). In this light, the evidence proved that in 1986, wife's parents conveyed to the wife a parcel of land by deed of gift which was titled to both parties as tenants by the entirety. Her parents later gave her approximately $151,000 for improvements to the property. The wife used approximately $144,700 for improvements to the residence and used the remainder for appliances and furniture. An appraiser established the fair market value of the residence was $172,500, and reported that at the time of the property transfer the land was worth $60,000. At the time of the trial, the land was worth $65,100 and the improvements worth $107,400.

The husband declined to present any evidence at the commissioner's hearing. The commissioner allowed each party to submit a memorandum of fact and law in lieu of closing arguments. The husband submitted, instead, a fifteen-page document reciting evidence not introduced at the hearing. The commissioner declined to consider the document.

The commissioner concluded the wife's contributions of separate property exceeded the value of the jointly-titled real property. The commissioner found that husband made no separate contribution to the property. Both parties made marital

-

contribution of personal efforts by performing physical work to build the residence.

The husband filed exceptions to the commissioner's report. After hearing argument, the circuit court overruled the husband's exceptions.

<u>Analysis</u>

I.

The husband contends the commissioner erred by rejecting his written argument.  We disagree.  Although the commissioner permitted closing arguments in the form of written memoranda, the husband's document contained new evidence he was submitting for the first time.  The husband had not moved to reopen the case.  Because the document contained evidence and allegations not raised at trial, the trial court did not err in holding that the commissioner was not required to consider it.

II. and III.

Marital property includes "all property titled in the names of both parties" and property acquired by either spouse during the marriage "in the absence of satisfactory evidence that it is separate property."  Code § 20-107.3(A)(2).  Separate property is the following:

> (i) all property, real and personal, acquired by either party before the marriage; (ii) all property acquired during the marriage by bequest, devise, descent, survivorship or gift from a source other than the other party; (iii) all property acquired during the marriage in exchange for

-

> or from the proceeds of sale of separate
> property, provided that such property
> acquired during the marriage is maintained
> as separate property; and (iv) that part of
> any property classified as separate pursuant
> to subdivision A 3.

Code § 20-107.3(A)(1). Separate property may exist, even when marital and separate property are "commingled" in some manner, "to the extent the contributed property is retraceable by a preponderance of the evidence and was not a gift." See Code § 20-107.3(A)(3)(d), (e) and (f).

The property, given to the wife during the marriage, was jointly titled and, therefore, presumed marital property. The burden was on the wife to establish that the property could be traced to her separate funds. See Rexrode v. Rexrode, 1 Va. App. 385, 392, 339 S.E.2d 544, 548 (1986). To classify all or a portion of such property as separate and not marital, "the circumstances of each case" must allow the court to trace the spouse's contribution back to separate property. von Raab v. von Raab, 26 Va. App. 239, 248, 494 S.E.2d 156, 160 (1997).

The evidence showed the wife's parents gave her the property and the funds to construct the residence, increasing the value of the real property. Wife's contribution of her separate funds to the property exceed the property's current fair market value. The trial court agreed with the commissioner's finding that wife presented sufficient evidence to trace the purchase of the home to her separate funds. We

-

will not overturn that factual finding unless plainly wrong or without evidence to support it.  See Gilman v. Gilman, 32 Va. App. 104, 115, 526 S.E.2d 763, 768 (2000).

The trial court did not err by overruling husband's exceptions to the commissioner's report and confirming the report in whole.  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

Affirmed.

-