COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Felton and Senior Judge Willis


JOANN GIBSON

                                        MEMORANDUM OPINION*
v.   Record No. 0378-03-1                  PER CURIAM
                                        AUGUST 12, 2003
NEWPORT NEWS DEPARTMENT OF
 SOCIAL SERVICES


            FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                      Randolph T. West, Judge

            (Bryan L. Saunders; Saunders & Lawrence
            Affiliated Law Offices, on brief), for
            appellant.  Appellant submitting on brief.

            (Kim Van Horn Gutterman, Assistant City
            Attorney, on brief), for appellee.  Appellee
            submitting on brief.


     Joann Gibson, mother, appeals a decision of the trial court

terminating her parental rights in her four children.  She

contends the evidence was insufficient to establish that she

failed to substantially remedy the conditions that led to the

placement of the children and that it was in the best interests of

the children to terminate her parental rights.  Upon consideration

of the record and briefs of the parties, we affirm the trial

court's decision.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

BACKGROUND

On appeal, we view the evidence and all the reasonable inferences in the light most favorable to the Newport News Department of Social Services (DSS) as the party prevailing below. See McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).

Mother has four children, Xavier, Trimaine, Katherine and Jonathan (collectively, "the children"). At the time of the trial court hearing, the children ranged in age from two years old to eight years old. DSS became involved with the family in June 2000 when the family faced eviction from their apartment for mother's failure to maintain the apartment. DSS also determined that mother had an inadequate food supply for the children and had provided inadequate medical care for them. DSS gave the family food and referred mother to several programs, including a substance abuse program. Mother admitted she used cocaine and marijuana.

In June 2000, before the birth of the fourth child, mother's three children were removed from her custody. At that time, one child was hospitalized with a visible skin infection and another child had hyperthyroidism, which was not being treated. DSS formulated a service plan with requirements that mother needed to fulfill before she could regain custody of the children. DSS offered mother services for substance abuse, parenting skills, anger management, counseling, housing, and employment. DSS also

-

informed mother she needed to refrain from substance abuse and obtain employment and housing for six months or more. While DSS worked with mother, she participated in at least five different substance abuse programs.

In December 2000, mother's fourth child, Jonathan, was born while mother was in a residential substance abuse program. Jonathan was four months premature, had serious medical issues, and was hospitalized until March 2001. After he was discharged from the hospital to mother's care, mother lost contact with DSS. Mother also missed several of Jonathan's medical appointments. In April 2001, DSS removed Jonathan from mother's custody because he was in danger of medical neglect and because mother had failed to comply with substance abuse treatment.

DSS referred mother to a job training program, which mother completed. However, mother relapsed into drug use in July 2001, and DSS referred her to another substance abuse program. Mother was discharged from the program for missing numerous appointments.

Mother also failed to maintain employment for six months or more, and she failed to attend Narcotics Anonymous meetings as instructed. Mother moved frequently and did not maintain a stable or suitable home for the children. At the time of the hearing, she was living in a shelter and she owed overdue rent money to a former landlord, which was prohibiting her from obtaining public housing. However, mother consistently visited the children while they were in foster care.

-

The three older children are living together with a family who would like to adopt them. These children are doing well in foster care. Jonathan has been in a foster home since he was four months old and that foster family is interested in adopting him.

Mother admitted that she had continued to use drugs until about May 2002, almost two years after three of her children had been removed from her custody. However, mother testified that she had not used drugs for the past seven months. At the time of the hearing, she had been in a drug and employment program for the past three weeks. Mother testified she was on a waiting list to obtain public housing in Norfolk. Mother also stated that she is trying to do everything she can to improve her family situation and that she cares about her children.

ANALYSIS

"Code § 16.1-283 embodies 'the statutory scheme for the termination of residual parental rights in this Commonwealth.'" Lecky v. Reed, 20 Va. App. 306, 311, 456 S.E.2d 538, 540 (1995) (citation omitted). Subsection (C)(2), the subsection under which the trial court terminated mother's parental rights in this case, requires proof, by clear and convincing evidence, that (1) the termination is in the best interests of the child, (2) "reasonable and appropriate" services have been offered to help the parent "substantially remedy the conditions which led to or required continuation of the child's foster care placement," and (3) despite those services, the parent has failed, "without good

-

cause," to remedy those conditions.  Clear and convincing evidence is "'that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established.'"  Martin v. Pittsylvania County Dep't of Soc. Servs., 3 Va. App. 15, 21, 348 S.E.2d 13, 16 (1986) (citation omitted).

Mother contends she "had been making progress" toward substantially remedying the conditions which led to the foster placement of the children.  The evidence, viewed in the light most favorable to DSS, established that DSS made "reasonable and appropriate efforts" to help mother remedy the conditions which both "led to" and "required continuation of" the children's foster care placement.  See Code § 16.1-283(C)(2).  Nonetheless, mother failed to make reasonable progress toward eliminating the conditions which led to the placement.  By her own admission, she continued to use drugs for two years after three of her children were removed from her care.  She participated in at least five substance abuse programs.  She marginally completed one program and was discharged from several others for non-compliance.  Mother was enrolled in a drug treatment program at the time of the trial court hearing, two and one-half years after the first three children were removed from her custody.  In addition, mother failed to maintain steady employment or obtain stable and adequate housing for the children.

-

"It is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his responsibilities." Kaywood v. Halifax County Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990) (citation omitted). The three older children have been in foster care for over two and one-half years, are doing well there, and are placed together with one family who is interested in adopting them. The youngest child has been in foster care for one and one-half years, since he was four months old. His foster family is also interested in adopting him.

"The trial court's judgment, 'when based on evidence heard ore tenus, will not be disturbed on appeal unless plainly wrong or without evidence to support it.'" Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991) (citation omitted). The record supports the trial court's finding that DSS presented clear and convincing evidence satisfying the statutory requirements of Code § 16.1-283 and establishing that termination of mother's parental rights is in the children's best interests.

Accordingly, we affirm the decision of the trial court.

Affirmed.

-