COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Felton and Senior Judge Willis


STUART LEE HARRIS
                                      MEMORANDUM OPINION*
v.    Record No. 0162-03-2               PER CURIAM
                                         JULY 1, 2003
JUDY BALANCE HARRIS


              FROM THE CIRCUIT COURT OF HENRICO COUNTY
                      George F. Tidey, Judge

            (J. W. Harman, Jr.; Harman & Harman, P.C., on
            briefs), for appellant.

            (Thomas W. Blue, on brief), for appellee.


        Stuart Lee Harris (husband) appeals the circuit court's final

decree awarding Judy Balance Harris (wife) a divorce.  On appeal,

husband contends the trial court erred in finding (1) he failed to

trace the funds used to purchase the marital residence and (2) the

evidence demonstrated wife's personal efforts and funds created a

separate interest in the parties' residence.[1]  Upon reviewing the

record and briefs, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court.

See Rule 5A:27.

---

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

        [1] We deny wife's "Motion to Terminate Appeal and Return Case
to Circuit Court."

On appeal, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to appellee, as the party prevailing below.  See McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).

### Background

The parties married on June 11, 1989 and separated on October 16, 2001.

At the time of their separation, the parties resided in a jointly-titled condominium at 1513 Regency Woods Road, which they purchased on April 28, 1999.  The parties applied the proceeds of the sale of their previous home to purchase the condominium.  That residence, at 7104 River Road, was also jointly titled and had been purchased by the couple on November 1, 1989.  From the time they were married until they purchased the River Road property, the couple resided at 4504 West End Drive in Richmond.  Husband had owned that residence since 1965 and had used it as rental property.  However, prior to its sale on October 31, 1989, the property had been retitled to the couple as tenants by the entireties.  The couple applied the proceeds from the sale of the West End Drive property towards the purchase of the River Road property.  They also applied funds from a jointly-obtained purchase money loan.

Wife used $15,000 of her own funds to renovate the West End Drive house extensively before its sale.  Additionally, she performed numerous refurbishing jobs, including painting,

-

wallpapering, and cleaning the residence. She worked similarly on the River Road property. She contributed financially to the maintenance of each of the parties' marital abodes.

## Analysis

Marital property includes "all property titled in the names of both parties" and property acquired by either spouse during the marriage "in the absence of satisfactory evidence that it is separate property." Code § 20-107.3(A)(2). Separate property is:

> (i) all property, real and personal, acquired by either party before the marriage; (ii) all property acquired during the marriage by bequest, devise, descent, survivorship or gift from a source other than the other party; (iii) all property acquired during the marriage in exchange for or from the proceeds of sale of separate property, provided that such property acquired during the marriage is maintained as separate property; and (iv) that part of any property classified as separate pursuant to subdivision A 3.

Code § 20-107.3(A)(1). Subdivision (A)(3) includes provisions allowing the court to find separate property exists, even when marital and separate property are "commingled" in some manner, "to the extent the contributed property is retraceable by a preponderance of the evidence and was not a gift." See, e.g., Code § 20-107.3(A)(3)(d), (e) and (f).

The Regency Woods Road condominium, purchased during the marriage, was jointly titled and, therefore, was presumed to be marital property. Therefore, the burden was on husband to prove

-

that the property could be traced to his separate funds. See

Rexrode v. Rexrode, 1 Va. App. 385, 392, 339 S.E.2d 544, 548

(1986). To classify all or a portion of such property as

separate and not marital, "the circumstances of each case" must

allow the court to trace the spouse's contribution back to

separate property. von Raab v. von Raab, 26 Va. App. 239, 248,

494 S.E.2d 156, 160 (1997).

The trial court found husband failed to present sufficient

evidence to trace the purchase of the home to his separate

funds. We will not overturn that factual finding unless plainly

wrong or without evidence to support it. See Gilman v. Gilman,

32 Va. App. 104, 115, 526 S.E.2d 763, 768 (2000).

The record demonstrates only that husband purchased the

West End Drive property in 1965 and that when the couple sold

the by-then jointly-titled residence in 1989, they received

$58,335.58 in proceeds. They used those funds and others to

purchase the River Road property. However, by the time the

couple sold the West End Drive property, wife had contributed

$15,000 of her separate property towards its renovation and had

expended her own labor on repairing and refurbishing the

residence. Thus, she contributed significantly to the

property's increase in value.

The West End Drive property was transmuted into marital

property when it was retitled. We cannot say as a matter of law

that husband proved by a preponderance of the evidence that he

-

retained separate interest that was traceable through the River Road property to the jointly-owned Regency Woods Road condominium.  Thus, the record supports the trial court's conclusion that the condominium was marital property.[2]

Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

Affirmed.

---

[2] Because we find the trial court did not err in determining the residence was marital property, we need not address wife's contention that the trial court erred by failing to find husband gave as a gift an interest in the West End Drive property when the property was jointly retitled.

-