COURT OF APPEALS OF VIRGINIA


Present:  Judge Elder, Senior Judges Bray and Overton


LYNCHBURG DIVISION OF SOCIAL SERVICES

                                        MEMORANDUM OPINION*
v.    Record No. 0704-02-3                   PER CURIAM
                                          OCTOBER 1, 2002
WANDA L. FENIMORE


            FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                      J. Leyburn Mosby, Judge

            (Joyce M. Coleman, Senior Assistant City
            Attorney, on briefs), for appellant.
            Appellant submitting on briefs.

            (Christopher Billias, on brief), for
            appellee.  Appellee submitting on brief.


     The Lynchburg Division of Social Services (the division)

appeals the decision of the trial court denying the division's

petition to terminate Wanda Fenimore's (mother) residual parental

rights in her son, Jackson, and rejecting the division's foster

care plan and attendant permanency plan of adoption.  The division

argues the trial court erroneously (1) failed to approve the

petition, (2) found mother was remediating the conditions that

prompted loss of custody, and (3) concluded that restoration of

custody in mother was in Jackson's best interests.  We agree and

reverse the decision.

--------

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

On appeal, we view the evidence and all the reasonable inferences in the light most favorable to appellee as the party prevailing below.  See McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).

BACKGROUND

Near midnight on March 11, 2000, police responded to a telephone call that advised mother had left her two children home alone.  Upon arrival at the residence, officers found Jackson, age one, and his older brother, age eight, inside and without adult supervision.  Jackson's brother reported mother had departed the house at approximately 7:30 p.m. "to go to a night club."  The officers immediately notified the division, and the division assumed emergency custody of the children.  Mother did not contact the division and inquire into the whereabouts of her children until 9:00 a.m. the following day.

Subsequent investigation by social worker Eleanor Maxham revealed trash, dirty clothing, food, garbage and feces throughout the house, together with an offensive odor.  Donald Miller, the city building inspector, visited the residence the day following the emergency removal and declared it unfit for human habitation.

Seeking to assist mother resolve the family's needs, foster care worker Lisa Bailey offered mother extensive services in parenting, substance abuse treatment, mental health counseling, housing, employment, and medication management.  In response,

-

mother twice began parenting classes but failed to complete the program on each occasion. She initially attended an outpatient pre-treatment program for substance abuse but did not pursue scheduled "continuing care" sessions to address her mental health problems, housing issues, employment, and alcohol dependency. Mother acknowledged a history of depression and the prior use of Depakote, Prozac, and Effexor, sometimes together with alcohol, and attempted suicide on October 13, 2001.

Following the condemnation of her home in March 2000, mother resided with friends for several weeks, later relocating to an apartment for five months and then to a YWCA until evicted for nonpayment of rent in July 2001. She next resided with her boyfriend and his family, but moved in December 2001. During the nineteen months Jackson was in foster care, mother was employed in fourteen different jobs for periods ranging from two days to five months and was admittedly "fired" on several occasions.

<u>ANALYSIS</u>

Pursuant to Code § 16.1-283(B), the residual parental rights to a child who has been found by the court to be abused and neglected and placed in foster care may be terminated if the court finds, based upon clear and convincing evidence, that it is in the best interests of the child and that:

(1) The neglect or abuse suffered by such child presented a serious and substantial threat to his life, health or development, and

-

(2) It is not reasonably likely that the conditions which resulted in such neglect or abuse can be substantially corrected or eliminated so as to allow the child's safe return to his parent or parents within a reasonable period of time.

Jenkins v. Winchester Dep't of Soc. Servs., 12 Va. App. 1178, 1184, 409 S.E.2d 16, 20 (1991).

## Neglect

The testimony of Maxham, Miller, and police officer P.A. Cooper, corroborated by photographs and other evidence, clearly proved the residence provided Jackson by mother was littered with feces and garbage, insect-infested, foul smelling and otherwise unfit for human habitation. Mother left Jackson and his older brother, children ages one and eight, respectively, alone in the house overnight and did not return and inquire into the children's whereabouts until the following morning. Manifestly, such circumstances presented a serious risk to Jackson's health and safety.

## Correction of Conditions

The division offered mother extensive services to assist in reuniting the family, while protecting the children. However, during the nineteen months Jackson remained in foster care, mother failed to substantially remedy the circumstances that prompted Jackson's removal. She failed to complete mental health and substance abuse counseling, obtain adequate housing or stable employment, or cooperate in other rehabilitative

-

efforts by social, medical or other agencies to reduce or eliminate the neglect or abuse of Jackson. Accordingly, the record does not support the trial court's finding that mother made substantial efforts to remedy the conditions leading to foster care.

### Best Interests of the Child

"When addressing matters concerning a child, including the termination of a parent's residual parental rights, the paramount consideration of a trial court is the child's best interests." Logan v. Fairfax County Dep't of Human Servs., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991). "It is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his [or her] responsibilities." Kaywood v. Halifax County Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990).

Here, mother clearly failed to demonstrate a willingness or ability to alter the circumstances that necessitated Jackson's foster care. Nevertheless, the trial court determined mother was making substantial efforts to remedy such conditions and that termination of her parental rights was not in Jackson's best interests, a decision plainly wrong and without support in the record.

We, therefore, reverse the decision of the trial court, approve termination of mother's parental rights, and the

-

division's attendant foster care and permanency plan, with the goal of adoption.

<u>Reversed and final judgment.</u>