COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Agee and Senior Judge Coleman


NINA-GAIL S. SAVAGE
                                    MEMORANDUM OPINION[*]
v.    Record No. 1079-02-2               PER CURIAM
                                      DECEMBER 10, 2002
JOHN D. SAVAGE, JR.


            FROM THE CIRCUIT COURT OF HANOVER COUNTY
                 Horace A. Revercomb, III, Judge

          (Bruce P. Ganey; Chalkley & Whitmeyer,
          L.L.P., on brief), for appellant.

          (Jonathan M. Murdoch-Kitt, on brief), for
          appellee.


     Nina-Gail S. Savage (wife) appeals the equitable

distribution decision of the trial court.  On appeal, wife

contends the trial court erred by determining that money wife and

John D. Savage, Jr. (husband) used toward the down payment of

their new residence was a marital debt that must be paid from the

proceeds of the sale of the marital home.  Wife asks that the

trial court's judgment be reversed and the case remanded.  Upon

reviewing the record and briefs of the parties, we conclude that

this appeal is without merit.  Accordingly, we summarily affirm

the decision of the trial court.  See Rule 5A:27.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

On appeal, we view the evidence and all reasonable inferences in the light most favorable to appellee as the party prevailing below. See McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).

### Procedural Background

The parties married on February 6, 1988, separated on May 9, 2000, and were divorced by a final decree entered on February 4, 2002.

Husband and wife purchased a house in 1998. At the time of the purchase, husband worked for Spectrum of Richmond, Inc. (Spectrum), a company owned by his mother, Sarah Savage. The company loaned the couple $50,000. Husband testified he deposited the check into the parties' joint account, used approximately $43,000 towards the purchase of the house, and applied the remaining balance toward the payment of marital debts.

Larry Bryant, Spectrum's accountant, testified the company carried the loan on its books and charged 5.5% interest, which accrued monthly. Bryant opined there was no question that the $50,000 was loaned to husband. Husband made three payments towards the debt during 1999, totaling $3,983.13. Sarah Savage testified Spectrum loaned husband the money to use as a down payment on the parties' new house. She stated they discussed determining an interest rate based upon Bryant's recommendation and clearly agreed the amount would be repaid.

-

On April 1, 2002, the circuit court entered an order directing that the parties' marital home be sold and that the proceeds be used to pay the first and second mortgages on the property and then to pay the debt owed to Spectrum.

## Analysis

In pertinent part, Code § 20-107.3(E) provides:

> The amount of any division or transfer of jointly owned marital property, and the amount of any monetary award, the apportionment of marital debts, and the method of payment shall be determined by the court . . . .

The trial court found the evidence proved the loan from Spectrum was a marital debt and properly apportioned it and determined the method of payment. The distribution of marital debts is a matter left to the sound discretion of the trial court. See Code § 20-107.3(C). The trial court's decision to require the parties to pay the Spectrum debt out of the proceeds from the sale of the marital home was not an abuse of discretion.

Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

Affirmed.

-