COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Felton and Senior Judge Willis


REGINA JENKINS

                                        MEMORANDUM OPINION*
v.    Record No. 0428-03-1                  PER CURIAM
                                         SEPTEMBER 2, 2003
CITY OF NEWPORT NEWS
 DEPARTMENT OF SOCIAL SERVICES


            FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                      Randolph T. West, Judge

            (Stephen A. Hudgins, on brief), for
            appellant.

            (Kim Van Horn Gutterman, Assistant City
            Attorney, on brief), for appellee.


    Regina Jenkins (mother) appeals the February 7, 2003 order

of the trial court terminating her residual parental rights with

respect to her daughter, Lexus Emma Jenkins.  The trial court

determined, by clear and convincing evidence, that mother,

without good cause, failed to provide or substantially plan for

the child's future for a period of six months after her

placement in foster care as required by Code § 16.1-283(C)(1);

that mother, without good cause, has been unwilling or unable to

substantially remedy the conditions which led to the child's

foster care placement within a reasonable period of time in

accordance with Code § 16.1-283(C)(2); and that, under Code

───────────────
        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

§ 16.1-283(E)(i), mother's residual parental rights to a sibling have previously been terminated. The trial court concluded that termination of mother's residual parental rights served the child's best interests and ordered that Newport News Department of Social Services (NNDSS) had authority to place the child for adoption.

Mother argues that the evidence does not support the trial court's finding that termination served the child's best interests. Specifically, she argues that NNDSS did not present sufficient evidence to prove that she failed to substantially remedy the causes which led to the child's placement in foster care, that she failed to plan for the child's future, and that termination served Lexus's best interests because of the prior termination of mother's rights to a sibling. Upon reviewing the record and the parties' briefs, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

### Background

On appeal, we view the evidence and all reasonable inferences in the light most favorable to NNDSS, the prevailing party below. See McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990). So viewed, the evidence proved that on January 28, 2002, mother gave birth to Lexus while incarcerated pending a grand larceny charge. At the time of her incarceration in December 2001, mother was eight months

pregnant. For the first eight months of her pregnancy, mother continued to feed her twenty-year drug addiction with cocaine and alcohol. Mother's drug use stopped only after this most recent arrest and imprisonment.

Mother arranged for Lexus to live with Tracy Evans, a family friend, while mother remained in jail. On February 9, 2002, mother posted bond and obtained her release. The following day, mother attended a doctor's appointment with Evans and Lexus concerning Lexus's medical condition. The examining physician concluded that Lexus suffered from acid reflux and proscribed appropriate medication. Days after the appointment, mother went to NNDSS seeking help with Lexus's medication.

Sally Richie, an intake worker in the NNDSS Emergency Medication Program, met with mother to discuss her situation. Mother informed Richie of her recent release from prison. Mother explained that after her release, she took Lexus and moved into her sister's apartment but that they were being evicted. Mother told Richie that she did not have a job and that she had other children in foster care. Richie alerted Child Protective Services (CPS) to the situation.

Kim Taylor, a CPS employee, learned through her investigation that mother had five other children in government custody and that her rights to three of the children were terminated in 1999. Taylor knew that Lexus suffered from

certain medical conditions and that NNDSS provided mother with money to check on Lexus' medical care.

Taylor tried to locate mother and Lexus. The search started with Tracy Evans, the family friend who cared for Lexus during mother's incarceration. Evans did not know mother's current whereabouts. After a four-day search, Taylor located the child at the home of mother's sister and took Lexus into custody. Taylor placed Lexus with foster parents on February 21, 2002. At the time of her placement, Lexus suffered from severe diaper rash and was later diagnosed with pneumonia in both lungs.

In April 2002, mother was convicted on the grand larceny charge and received a suspended sentence based on successful completion of the Youth Challenge Program for Women. Mother entered the program in October. She is expected to complete the program sometime in 2004. Mother has not seen Lexus since her conviction and incarceration and cannot visit Lexus at the NNDSS offices.

On May 31, 2002, George Flood, the NNDSS social worker assigned to handle Lexus's case, filed a petition for termination of residual parental rights in the Newport News Juvenile and Domestic Relations District Court (JDR court). The petition asked that the court grant NNDSS legal custody of Lexus. On November 26, 2002, the JDR court entered an order terminating mother's residual parental rights in Lexus pursuant

-

to Code § 16.1-283(E)(i). Mother appealed the order to the circuit court. On February 7, 2003, the circuit court heard from all three social workers involved in the case as well as from mother and concluded that termination of mother's residual parental rights served Lexus' best interests.

## Analysis

Mother contends that the trial court erroneously terminated her residual parental rights pursuant to Code § 16.1-283. She claims that the evidence did not support the conclusion that termination of her rights served her child's best interests.

When considering termination of a parent's residual rights to a child, "the paramount consideration of a trial court is the child's best interests." Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991). On review, "[a] trial court is presumed to have thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests." Farley v. Farley, 9 Va. App. 326, 329, 387 S.E.2d 794, 795 (1990). "The trial court's judgment, when based on evidence heard ore tenus, will not be disturbed on appeal unless plainly wrong or without evidence to support it." Logan, 13 Va. App. at 128, 409 S.E.2d at 463.

-

Code § 16.1-283(E)(i)

The pertinent part of Code § 16.1-283(E) provides that

> [t]he residual parental rights of a parent
> or parents of a child who is in the custody
> of a local board or licensed child-placing
> agency may be terminated by the court if the
> court finds, based upon clear and convincing
> evidence, that it is in the best interests
> of the child and that (i) the residual
> parental rights of the parent regarding a
> sibling of the child have previously been
> involuntarily terminated . . . .

At trial, the evidence proved that the JDR court involuntarily terminated mother's rights to three of her children on August 30, 1999.

NNDSS removed Lexus from her mother and placed her with a foster family on February 21, 2002, less than a month after her birth. Flood testified that her foster parents are attentive and anxious for the opportunity to adopt her. He stated that Lexus is thriving in her new environment and receiving all necessary medical care.

The record supports the decision of the trial court to terminate mother's parental rights to Lexus under Code § 16.1-283(E)(i). NNDSS presented evidence of the previous termination proceedings. The trial court concluded that termination of mother's residual parental rights served Lexus's best interests. Given mother's history and current circumstances, coupled with the bright prospects for Lexus's future, that decision is not plainly wrong or without evidence

to support it and will not be disturbed on appeal.  See Logan, 13 Va. App. at 128, 409 S.E.2d at 463.

## Code § 16.1-283(C)

Mother claims that the trial court erred in determining that it was in Lexus's best interests to terminate mother's residual parental rights pursuant to Code § 16.1-283(C) because mother failed to plan for the child's future and failed to substantially remedy the causes which led to the child's placement in foster care.  She argues that NNDSS did not offer any services to mother and did not present evidence that mother failed to remedy the conditions that required Lexus's placement in foster care.

Given our determination that the trial court did not err in terminating mother's parental rights pursuant to Code § 16.1-283(E)(i), we need not address this issue.

Accordingly, we summarily affirm the trial court's decision to terminate mother's residual parental rights.

Affirmed.

-