COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, McClanahan and Senior Judge Coleman


KIAMALIA EMERSON
                                        MEMORANDUM OPINION*
v.    Record No. 0566-03-4                  PER CURIAM
                                        SEPTEMBER 16, 2003
JOHN S. EMERSON


            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                   M. Langhorne Keith, Judge

         (Michael A. Ward, on briefs), for appellant.

         (Richard A. Gray; Odin, Feldman & Pittleman,
         P.C., on brief), for appellee.


     Kiamalia Emerson (mother) appeals the February 21, 2003 order

of the circuit court awarding mother and John S. Emerson (father)

joint custody of Darien John Emerson (son), their minor son.  On

appeal, mother contends the trial court erred by (1) failing to

grant her sole legal custody of son, (2) "granting to father

authority to make the final decision on any issues concerning

Darien on which the parties are unable to agree," and (3) failing

to award mother primary physical custody of son.  Upon reviewing

the record and briefs of the parties, we conclude that this appeal

is without merit.  Accordingly, we summarily affirm the decision

of the trial court.  See Rule 5A:27.

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Background

On appeal, we view the evidence and all reasonable inferences in the light most favorable to appellee as the party prevailing below.  See McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).

So viewed, the evidence proved the parties married on October 2, 1999.  Son was born on April 12, 2001.  On or about March 6, 2002, mother filed her bill of complaint seeking a divorce from father.

At the time of the custody hearing, mother lived in a one-bedroom apartment which she shared with up to five other people.  Father resided in larger living quarters.  Both parents provided emotional and financial support for son and have a strong relationship with the child.  Neither party has any emotional or physical disability.  The court found father was more willing to co-parent than mother.

Police Officer Richard Field testified he reported to the parties' residence three times in 2002 before their separation, on reports of a domestic disturbance.  Father called the police on two of the three occasions.  Field explained he observed no evidence of domestic abuse on his visits.

The trial court found the testimony of mother's witnesses' "programmed" and not "very credible."  The court discounted mother's unsubstantiated accounts of father's excessive alcohol consumption and abuse.

Analysis

"In matters of custody, visitation, and related child care issues, the court's paramount concern is always the best interests of the child." Farley v. Farley, 9 Va. App. 326, 327-28, 387 S.E.2d 794, 795 (1990). "A trial court's determination of a child's best interests 'is reversible on appeal only for an abuse of that discretion, and a trial court's decision will not be set aside unless plainly wrong or without evidence to support it.'" Vissicchio v. Vissicchio, 27 Va. App. 240, 246, 498 S.E.2d 425, 428 (1998) (citations omitted). "We defer to the trial court's evaluation of the credibility of the witnesses who testify ore tenus." Shackelford v. Shackelford, 39 Va. App. 201, 208, 571 S.E.2d 917, 920 (2002).

The trial court found mother's witnesses were not credible. The court considered all the factors in Code § 20-124.3 and concluded those factors favored neither parent overwhelmingly. Father's living situation and willingness to work with mother favored father. The court concluded, based upon a careful consideration of the factors and the extensive testimonial evidence, that it was not in son's best interests "that one parent have primary physical custody." Therefore, the court ordered shared legal and physical custody. The advantage to the father in the weighing of the statutory factors supports the court's decision to grant father the authority to make final decision on any issues on which the parties cannot agree. The

trial court did not abuse its discretion, and its decision was not plainly wrong or without evidence to support it.

Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

Affirmed.