COURT OF APPEALS OF VIRGINIA

Present:  Judges Annunziata, McClanahan and Senior Judge Coleman

CORTNEY STEELE BREWERTON

MEMORANDUM OPINION*

v.        Record No. 0801-03-2                            PER CURIAM
                                                          OCTOBER 28, 2003

ALISSA A. O'MEARA

FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Herbert C. Gill, Jr., Judge

(Cortney S. Brewerton, pro se, on brief).

(Irving M. Blank; ParisBlank LLP, on brief), for appellee.


Cortney S. Brewerton, husband, appeals from a decision of the trial court ordering him to pay one-half of the private school education expenses of the parties' two minor children and the costs of their daughter's college education.  Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

The parties divorced in Massachusetts in 1991.  They stipulated to the existence, accuracy, and applicability of their Massachusetts divorce decree and agreement incorporated therein, which the trial court ordered domesticated in Virginia.  The parties have two children, M.B., born in 1984 and T.B., born in 1986.

In May 2002, Alissa A. O'Meara, wife, filed a petition requesting the trial court to order husband to pay private school tuition and college tuition husband owed pursuant to Exhibit F of the divorce decree.  At a hearing held on the issues, wife presented evidence that she had spent a total

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

of $9,515 for the private school education of the minor children. Husband testified that he did not contest this figure. M.B. now attends Loyola University and was awarded a merit scholarship in the amount of $12,000 per year. Taking into consideration the scholarship amount, the remaining costs for her college education total $7,000 per semester.

Exhibit F of the parties' divorce decree provides:

1. The Husband and the Wife agree to each pay half the educational costs of the minor children.

2. The Husband and the Wife agree and acknowledge that it is their hope and desire to provide a college education for the children should such education be appropriate in light of their children's aptitude and interest. The Husband agrees to pay reasonable educational costs for said education. The Husband and the Wife agree that they will fully cooperate in seeking other sources of financial assistance for the children's education and expenses including scholarships, student loans, and the like which may be available in order to assist the parties in providing a college education for the children. Both parties agree to do all things necessary including completing forms and disclosing finances to enable the minor children to apply for financial aid for education.

The trial court ruled that the provisions of Exhibit F were "plain and unambiguous" and that father was responsible for one-half of the expenses for the minor children's education, or $4,757.50. It also ordered husband to pay $7,000 per semester for M.B.'s education expenses at Loyola University. Husband appeals the trial court's decision.

The judgment of a trial court sitting in equity, when based upon an ore tenus hearing, will not be disturbed on appeal unless plainly wrong or without evidence to support it. Carter v. Carter, 223 Va. 505, 508-09, 291 S.E.2d 218, 220 (1982). On appeal, we view the evidence and all the reasonable inferences therefrom in the light most favorable to appellee as the party prevailing below. McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).

Husband contends that wife produced insufficient evidence to prove she paid any private school tuition expenses. However, at the October 4, 2002 hearing on these issues, husband

testified that he was not in a position to contest wife's testimony that she spent $9,515 on the children's private school tuition. In addition, husband presented no evidence disputing the amount.

It is well established that a settlement agreement incidental to divorce is a contract subject to general principles of contract interpretation. See, e.g., Fry v. Schwarting, 4 Va. App. 173, 180, 355 S.E.2d 342, 346 (1987). If the agreement is unambiguous and "all the evidence which is necessary to construe [it] was presented to the trial court . . ., the meaning and effect of the contract is a question of law which can readily be ascertained by this court." Id. Although parties may advance different interpretations of like provisions in an agreement, this "does not necessarily imply the existence of ambiguity where there otherwise is none." See Smith v. Smith, 3 Va. App. 510, 513-14, 351 S.E.2d 593, 595 (1986). "'An ambiguity exists when language admits of being understood in more than one way or refers to two or more things at the same time.'" Id. at 513, 351 S.E.2d at 595 (citation omitted). "Where [a separation] agreement is plain and unambiguous in its terms, the rights of the parties are to be determined from the terms of the agreement and the court may not impose an obligation not found in the agreement itself." Jones v. Jones, 19 Va. App. 265, 268-69, 450 S.E.2d 762, 764 (1994).

The language of the contract was clear that husband agreed to pay "half" of the educational costs of the minor children. Thus, the evidence supported the trial court's conclusion that husband is responsible for $4,757.50, or one-half of the costs, for the children's private school tuition.

Husband also argues that the due process clause protects him against conviction except by proof beyond a reasonable doubt. However, this is not a criminal case and husband has not been convicted of an offense. Therefore, his due process argument is without merit.

Husband argues that the trial court failed to consider in its ruling his inability to pay and the availability of satisfactory public schools, the children's attendance at private school prior to the divorce and the children's special emotional or physical needs, religious training and family tradition. In support of his argument, he relies upon provisions in the Code addressing child support. However, this is not an issue of child support. Rather, husband signed an agreement with wife in which he agreed to pay "half the educational costs of the minor children." See Exhibit F. Furthermore, husband acknowledged at the hearing that he was aware the children attended private schools at the time of the divorce and after the divorce, and yet he has never contributed to any of their educational costs. Moreover, husband failed to show that he is unable to pay the children's educational costs. Accordingly, the trial court did not err in ruling that husband is responsible for one-half of the costs of the minor children's private education expenses.

Husband argues the trial court erred when it failed to consider that the reimbursement for the education expenses was "solely for the mother's benefit." However, this argument is without merit. Husband's reimbursement of the children's education expenses is not "beneficial" to wife, but is the fulfillment of a contractual agreement husband made to wife under Exhibit F of the divorce decree.

Husband contends the trial court erred in determining "reasonable educational costs" when it ordered him to pay for M.B.'s education at Loyola University. Husband argues that "reasonable" refers to the amount of the tuition costs attributable to him after consideration of financial aid, scholarships, and in light of M.B.'s "aptitude and interest."

> No law requires a parent to provide the expenses of an adult child
> to attend college. Such is true whether the parents are married or
> divorced. Thus, where parents seek to include such an obligation

- 4 -

in their separation contract, the plain and unambiguous terms of their contract establish the rights and obligations of the parties.

Jones, 19 Va. App. at 270, 450 S.E.2d at 764.

The evidence showed that M.B. received a merit scholarship at Loyola University in the amount of $12,000 per year and that the trial court considered this scholarship amount in determining that husband owed the remaining amount of her college expenses pursuant to the agreement. The plain language of the agreement does not require that husband select or approve of a college for the children to attend, nor does it specify a dollar limit on the amount of college educational costs husband agreed he would pay. The agreement does not restrict his obligation according to his level of income or his ability to pay. Rather, the agreement states that husband will pay "reasonable [college] education costs." "We are not at liberty to find a veto power where the language used by the parties does not confer one." Tiffany v. Tiffany, 1 Va. App. 11, 17, 332 S.E.2d 796, 800 (1985). Given that M.B. obtained a scholarship for over forty percent of her yearly educational costs and that the language of the agreement is clear and contains no specified restrictions on the amount of educational costs husband agreed to pay, the evidence supports the trial court's ruling that requiring husband to pay $7,000 per semester for M.B.'s college education was a "reasonable educational cost."

Husband contends the trial court erred when it refused to allow his expert witness to testify about "reasonable" college expenses. "Whether a witness is qualified to express an opinion as an expert is a question largely within the sound discretion of the trial court." Grubb v. Hocker, 229 Va. 172, 176, 326 S.E.2d 698, 700 (1985). The witness testified that he is a financial advisor and he provides college and financial aid planning services to his clients. The trial court ruled that the witness could testify as a financial advisor. However, the court ruled that the witness could not testify concerning the "reasonable" costs of an education and M.B.'s aptitude and interests. As husband's counsel admitted during the argument regarding this issue,

the witness was not qualified to testify concerning M.B.'s aptitude and interests. Furthermore, whether the family could have applied for and received financial aid for M.B.'s college tuition was irrelevant to the issue of whether husband was responsible per the agreement for payment of her college education expenses. It was irrelevant to the issue of the amount of money father was responsible for paying at the time of the hearing. Accordingly, the trial court did not abuse its discretion in limiting the expert witness' testimony.

Therefore, the decision of the trial court is affirmed.

<u>Affirmed.</u>