COURT OF APPEALS OF VIRGINIA


Present:   Judge Clements, Senior Judges Willis and Annunziata
Argued at Alexandria, Virginia


DENNIS G. KING
                                                        OPINION BY
v.        Record No. 2933-04-4                  JUDGE JERE M. H. WILLIS, JR.
                                                     NOVEMBER 1, 2005
MARIAN R. KING


                    FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
                              James H. Chamblin, Judge

              Matthew P. Snow (Biberaj & Snow, PC, on brief), for appellant.

              Peter W. Buchbauer (James J. McGuire; Kelly C. Ashby;
              Buchbauer & McGuire, P.C., on brief), for appellee.


        Dennis G. King appeals the trial court's division of the parties' income tax refunds.  He

contends the trial court erred (1) "in its determination that $9,781 of the federal income tax refund

was jointly titled equally owned property rather than his separate property," (2) "in its determination

that $2,520 of the state income tax refund was jointly titled equally owned property rather than his

separate property," (3) "in its determination that the federal and state tax refunds were simply a

return of income," and (4) in denying him an award of attorney's fees.  Both parties seek attorney's

fees and costs associated with this appeal.

        For reasons that follow, we affirm the judgment of the trial court.

                                          BACKGROUND

        On appeal, we view the evidence and all reasonable inferences in the light most favorable

to appellee as the party prevailing below.  See McGuire v. McGuire, 10 Va. App. 248, 250, 391

S.E.2d 344, 346 (1990).

Dennis G. King (husband) and Marian R. King (wife) were married on September 19, 1998.  Prior to the marriage, they executed a premarital agreement, expressly stating their intention to maintain their respective premarital property as separate after the marriage.  The agreement provided that "all . . . issues, profits, increases, appreciation, and income from the Separate Property of [each]" should remain the separate property of that one.  Furthermore, "[i]n the event of separation, divorce or death" either spouse should "be free from any claim, demand, lien, interest and right of and by [the other]."  The agreement provided that in the event of litigation to enforce its provisions, "the prevailing party shall be entitled to be reimbursed by the losing party for [attorney's fees]."

The parties separated on March 7, 2000.  Nevertheless, they filed joint federal and state income tax returns for tax year 1999.  By claiming on their joint returns a loss to husband's separately owned beach property, they generated a federal tax refund of $25,447 and a state refund of $8,526.  A dispute arose concerning their respective entitlements to the proceeds of those refunds.

In her bill for divorce, wife asked the trial court to determine the division of the federal and state tax refunds.  The trial court held that although the losses that gave rise to the refunds were generated by husband's separate property, the tax refunds were jointly-titled marital property, equally owned by the parties.  Accordingly, as provided by paragraph 14 of the premarital agreement, it divided the refund proceeds equally between them.  It awarded wife a portion of her attorney's fees as the "prevailing party."  Husband appealed.

In King v. King, 40 Va. App. 200, 578 S.E.2d 806 (2003) (King I), we held that under the terms of the parties' premarital agreement "[t]he designation of separate property extended to all increases in value and changes in form."  Id. at 206-07, 578 S.E.2d at 810.  We reversed the division of the tax refunds and remanded this issue to the trial court, holding "[t]he trial court

should have given husband a credit for the portion of the refunds he was thus able to trace to his separate income." Id. at 211, 578 S.E.2d at 812. We "h[e]ld that any portion of the refunds in excess of what husband is able to trace to his separate earnings and losses is marital property and should be distributed in accordance with Paragraph 14 of the agreement . . . ." Id.

On remand, the trial court found that had the parties filed separate tax returns, husband would have received a federal tax refund of $14,987 and a state tax refund of $6,006, and wife would have received a federal tax refund of $679 and would have owed $175 in state taxes. These findings were based on credible evidence in the form of "dummy" returns. The trial court concluded that the amounts the parties would have received had they filed separately constituted separate property and that the remaining refund amount, $12,301, was marital property to be divided equally, as provided by their agreement. Holding that "[n]either party prevailed," the trial court made no award of attorney's fees.

ANALYSIS

Tax Refunds

Husband argues on appeal that the trial court's division of the tax refunds fails to follow the mandate of King I.

In King I, we explained

> that tracing is the appropriate method to determine the correct distribution of the tax refunds. To the extent that husband is able to show that any of the joint refunds are directly traceable to his earnings and income, he is entitled to those funds as his separate property. Here, the "dummy" returns under the "Married, filing separately" status that husband offered into evidence provided the trial court with an appropriate basis to trace what was properly attributable to husband's separate estate. The trial court should have given husband a credit for the portion of the refunds he was thus able to trace to his separate income.

Id. at 210-11, 578 S.E.2d at 812.

Husband argues that "but for" the loss to his separately owned property, the parties would not have received the federal tax refund of $25,447 and the state refund of $8,526. However, the loss to husband's property was but one of the factors that produced the amount of the tax refund. As the evidence demonstrates, had the parties not filed jointly, the tax refunds would have been substantially less. Joint filing, a marital act, combined with the wage withholding of both parties, also contributed to the size of the refunds. Thus, husband succeeded in tracing to his separate property only a portion of the total tax refunds, the portion that he would have received had he filed separately. The federal refund of $14,987 and the state refund of $6,006 derived from his separate property, the loss to his beach property. The remaining $12,301 in tax refunds derived from the parties' marital state and their marital act in filing jointly. The trial court accurately calculated and correctly divided those amounts.

Accordingly, we hold that the trial court correctly followed the King I mandate in its division of the tax refunds.

### Attorney Fees

The trial court in King I made wife an award of attorney's fees, concluding that she was the "prevailing party" in that action. Our ruling in King I noted the split victory on appeal and therefore remanded the attorney's fees issue for reconsideration. The parties' premarital agreement provides for an award of attorney's fees and costs to the "prevailing party" in any action seeking enforcement of the contract.

We find no abuse of discretion in the trial court's conclusion that neither party prevailed in King I and that therefore neither party was entitled to an attorney's fees award. The trial court proceedings now on appeal were the execution of the mandate of King I, a complete victory for neither party. In following the remand mandate, the trial court awarded each party less than he or she sought.

Both parties request costs and attorney's fees associated with this appeal.

> The rationale for the appellate court being the proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal is clear. The appellate court has the opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment.

O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). In this context, and upon consideration of the entire record in this case, we hold that neither party is entitled to an award of costs or attorney's fees.

The judgment of the trial court is affirmed.

Affirmed.