COURT OF APPEALS OF VIRGINIA


Present:   Judge McClanahan, Senior Judges Coleman and Annunziata


THOMAS JOSEPH GOUDREAU

MEMORANDUM OPINION[*]
v.        Record No. 2471-05-4                             PER CURIAM
                                                          JUNE 6, 2006
KATHERINE LYNN GOUDREAU


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Robert W. Wooldridge, Jr., Judge

(Carl P. Horton; Carl P. Horton, P.C., on brief), for appellant.

(James Ray Cottrell; John K. Cottrell; Gannon & Cottrell, P.C., on
brief), for appellee.


Thomas Joseph Goudreau, father, appeals a trial court order modifying a previous order

settling child visitation.  He argues on appeal that the trial court abused its discretion by:

(1) "reducing and restricting" his visitation periods with his children; and (2) requiring him to

facilitate the children's "attendance at previously arranged activities."[1]  Upon reviewing the

record and the briefs of the parties, we conclude that this appeal is without merit.  Accordingly,

we summarily affirm the decision of the trial court.  See Rule 5A:27.

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Although husband presented a third question, namely, "Whether the Court was in error
in requiring only Thomas to retrieve and deliver the children from and to their mother's home on
visitation weekends," he failed to present any argument on that issue.  Accordingly, we do not
address it.  See Theismann v. Theismann, 22 Va. App. 557, 572, 471 S.E.2d 809, 816 (declining
to address an argument on appeal that was inadequately developed in appellant's brief), aff'd en
banc, 23 Va. App. 697, 479 S.E.2d 534 (1996).

BACKGROUND

On appeal, we view the evidence and all reasonable inferences in the light most favorable to the appellee as the prevailing party below. See McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).

Father and Katherine Lynn Goudreau, mother, were divorced on January 16, 1998. They had two children during the marriage. At the time of the hearing, Michael was fifteen and Matthew was twelve. Following their divorce, mother remarried and moved to Utah. Before mother moved to Utah, the parties shared custody of the children. However, in June 1999, the trial court granted mother sole custody and allowed her to take the children to live in Utah. Late in 2002, mother divorced her second husband, remarried, and returned to live in Virginia. Father married his present wife Debbie.

Since their divorce, the parents have had ongoing disagreements regarding the children. As a result, the parties have been before the trial court numerous times to contest issues of custody, visitation, and the enforcement of orders relating to those issues. On May 23, 2003, the trial court entered a custody modification order following a three-day *ore tenus* hearing. There, the trial court denied father's motion for modification of custody and custodial access and set forth detailed provisions relating to custody and visitation.

On March 29, 2005, father petitioned for sole custody of the two children. On July 6, 2005, mother filed a response and cross-petition for modification of father's visitation rights. The trial court conducted an *ore tenus* hearing on August 29 and August 30, 2005, at which the parties presented extensive evidence.

Father currently resides in Virginia, but he works in South Carolina three to five days per week. The evidence showed that sometimes father arrives from South Carolina late for scheduled visitation, requiring Debbie to pick up and care for the children until husband returns

- 2 -

home.  Moreover, during a portion of father's summer visitation period, father has to leave to attend work in South Carolina.  Father often did not agree with mother's decisions regarding the children.  Father testified that, when the children visit with Debbie and him, "we have a very calm household.  We rarely have arguments, and we resolve conflicts very effectively."

Mother related how the children missed several events and activities they wanted and were expected to attend while visiting with father.  She also described heated incidents between her and father throughout the period of their divorce that eventually culminated in court intervention.  Mother related how Michael had made friends in high school and the importance of nurturing activities that involved his peers.  She explained that Matthew is involved in Boy Scouts, plays clarinet in the church ensemble, and enjoys spending time with his friends.  She testified without objection that father expressed to her that it was important that the children be raised in the Catholic faith.

The trial court also conducted an *in camera* interview with the parties' sons in chambers to gauge their feelings regarding custody, visitation, and their relationship with each parent and stepparent.  That interview was transcribed and is contained in the joint appendix.

After considering all of the evidence, "the factors that are contained in [Code] Section 20-124.3," and the best interests of the children, the trial court granted mother's motion to modify visitation.  In doing so, it found that, "since the last court order [father] has been less amenable to fostering his sons' activities on the weekends they are with him than he should be" and that father "understandably has a difficult time coordinating his visitation with his children" resulting in the children spending "a fair amount of time with Debbie in Mr. Goudreau's absence," a situation the trial court felt "compelling" in its decision to modify visitation.  The trial court ordered that father have three weeks of visitation in the summer.  In addition, the trial court ordered that father was to personally pick the children up for visitation when he returns

from South Carolina, return them to mother when he goes back, and return the children to mother during any of his visitation period when he "is going to be away overnight." Finally, the trial court ordered that, "[a]bsent extraordinary circumstances, . . . the children are to participate in their regular routine activities on the weekends that they are with [father] and it is [father's] responsibility to get them there."

ANALYSIS

I. Reducing and Restricting Father's Visitation

An order concerning visitation can be modified where there is "a showing of changed circumstances under Code § 20-108 and . . . proof that the child's best interests under Code § 20-124.3 will be served by the modification." Petry v. Petry, 41 Va. App. 782, 789, 589 S.E.2d 458, 462 (2003). In making this determination, the court may take into account the reasonable preference of the child. Code § 20-124.3(8). "A trial court's determination of a child's best interests 'is reversible on appeal only for an abuse of that discretion, and a trial court's decision will not be set aside unless plainly wrong or without evidence to support it.'" Vissicchio v. Vissicchio, 27 Va. App. 240, 246, 498 S.E.2d 425, 428 (1998) (quoting Farley v. Farley, 9 Va. App. 326, 328, 387 S.E.2d 794, 795 (1990)). "We defer to the trial court's evaluation of the credibility of the witnesses who testify *ore tenus.*" Shackelford v. Shackelford, 39 Va. App. 201, 208, 571 S.E.2d 917, 920 (2002).

The trial court carefully weighed the evidence and considered the factors set forth in Code § 20-124.3, as required by Code § 20-124.2. Its decision properly focused on the best interests and welfare of the children and changed circumstances since entry of the May 23, 2003 order. The record contains substantial evidence of tension and stress regarding father's interaction with mother and his lack of compliance with court orders relating to visitation and issues regarding the children. Evidence also indicated the presence of a certain degree of anxiety

- 4 -

and pressure regarding the children's visitation with father and his current wife, Debbie. For example, father had to approve before either child could contact mother while they were visiting with father. Moreover, evidence disclosed periods of visitation where the children were alone with Debbie because father either had not returned from out-of-town or he left town early to return to South Carolina. When father was absent, Debbie would not allow the children to go outside and play. Father's evidence that he encouraged or facilitated the children's activities and that things were calm and confrontations were rare and easily settled when the children visited is belied by contradictory evidence in the record.

Evidence showed the children were restricted and uncomfortable waiting with Debbie until father returned home. The evidence also indicated tension between father and the children during visitation. Sufficient evidence supported the trial court's decision to modify and limit father's visitation and reflected a sound exercise of judicial discretion.

II. Requirement That Father Adhere to Children's Planned Activities

Father argues the trial court erroneously required him "to allow and facilitate the children's activities during his diminished time with them." In his brief, he "objects to being required, when in the area, to take his younger son to his church on Sundays," claiming "[n]ot only has visitation been restricted and diminished, but the facilitation of Church activities is a bitter pill for this father."

The order did not expressly direct father to allow the children to do whatever they desired; it merely required father to allow the children to participate in "regular, routine activities." Moreover, the trial court recognized there may be "extraordinary circumstances" when compliance is not possible or required. Evidence showed that father purposely disregarded the planned activities in which his teenage sons desired to participate, causing stress, anxiety, and a disruption in their social development. The evidence supported the trial court's decision

that facilitating their activities was in the children's best interests.  Accordingly, the trial court did not abuse its discretion in modifying the terms of visitation.

Accordingly, the judgment of the trial court is summarily affirmed.

<u>Affirmed.</u>